## 62887. WORLEY v. WORLEY.

CARLEY, Judge.

Appellant, Jean S. Worley, and appellee, Howard E. Worley, were formerly husband and wife. The parties were divorced in 1980 and all issues relating to child custody and division of assets of the marriage were resolved by a settlement agreement dated August 7, 1980, which was subsequently modified by an agreement dated December 24, 1980. No issues relating to the divorce or to the settlement agreement are presently before the court.

The present litigation was instituted by appellee's filing of a verified petition, pursuant to Code Ann. § 81A-127(a) seeking an order allowing appellee to depose appellant prior to the filing of an action. The pertinent allegations of the petition are as follows:

2.

"Petitioner expects to be a party to litigation but presently is unable to bring it or cause it to be brought for the reason that the actions and activities with particular regard to tax filings by Jean S. Worley are unknown to Petitioner.

3.

"The subject matter of the expected litigation concerns those agreements entered into between the parties in settling a certain divorce action between them . . .

5.

"The substance of the testimony which Petitioner expects to elicit from the witness is the witness's United States tax filings and records for the 1980 tax year, with particular regard to the manner in which certain sums of alimony, paid by Petitioner to the witness were handled, as well as the facts and circumstances surrounding the settlement of the divorce action between the parties and its subsequent modification."

Appellant responded to the petition by denying the material allegations thereof and by filing a motion to quash or, in the alternative, to dismiss the petition. Appellant brings this appeal from the trial court's order allowing the taking of appellant's deposition prior to the institution of any action.

Proper resolution of the issue raised by this appeal requires an

analysis of the underlying legislative objective in affording a prospective litigant the right to perpetuate testimony prior to filing suit. As far as this court can discern, there are no Georgia cases interpreting Code Ann. § 81A-127(a). However, Rule 27(a) of the Federal Rules of Civil Procedure is substantially identical with § 27(a) of our Civil Practice Act (Code Ann. § 81A-127(a)) and thus resort to federal cases interpreting Rule 27(a) as persuasive authority is proper. *Sorrells v. Cole,* 111 Ga. App. 136, 138 (141 SE2d 193) (1965); *Millholland v. Oglesby,* 114 Ga. App. 745 (1)(a) (152 SE2d 761) (1966). The federal decisions construing Rule 27(a) have uniformly stated that the purpose of the rule is to preserve and perpetuate *known* testimony, not to provide prospective litigants with a vehicle for the ascertainment of pre-complaint evidence. See Petition of North Carolina, 68 F. R. D. 410, 412 (S. D. N. Y. 1975); Petition of Exstein, 3 F. R. D. 242 (S. D. N. Y. 1942); Petition of Ferkauf, 3 F. R. D. 89, 91 (4-5) (S. D. N. Y. 1943); Ash v. Cort, 512 F2d 909, 911 (3d Cir. 1975). Moreover, the federal courts have held that in addition to the specific allegations which must be set forth in a petition under Rule 27(a), one of the requirements which must be met before leave will be granted for the taking of pre-complaint depositions is the existence of a substantial danger "that testimony sought to be preserved by deposition would otherwise become unavailable before complaint could be filed. [Cits.]" In re Boland, 79 F. R. D. 665, 667 (1) (D. C. C. 1978). See generally 4 Moore's Federal Practice § 27.07(4), at 1826-1828 (2d ed. 1981).

We find the interpretation of Federal Rule 27(a) as expressed by the federal courts in the above cited decisions to be based upon sound and persuasive reasoning. Accordingly, we conclude that the purpose of Code Ann. § 81A-127(a) is to provide for perpetuation of testimony in situations where, for one reason or another, testimony might be lost to a prospective litigant unless steps are taken immediately to preserve and protect such testimony. Code Ann. § 81A-127(a) does not provide a substitute for discovery or a method to determine whether a cause of action exists. This code section cannot be used for the purpose of ascertaining facts to be used in drafting a complaint.

In the instant case, appellee alleged in paragraph 2 of the petition that he is unable to bring the underlying action because he lacks knowledge of the facts and information necessary to frame his complaint. It is readily apparent that this is the very information which appellee seeks to discover by deposing appellant. As the federal courts have held and as we now hold, this is impermissible under Code Ann § 81A-127(a). Moreover, appellee's petition does not allege that the testimony sought to be preserved is in danger of being lost and "there is no evidence that the testimony of persons with

knowledge of the material facts relevant to [appellee's] proposed lawsuit will be unavailable after a complaint is filed." In re Boland, supra, at 667.

For the foregoing reasons we conclude that appellee has not shown entitlement to the entry of an order permitting him to perpetuate testimony under Code Ann. § 81A-127(a). Accordingly the trial court erred in ordering the taking of appellant's deposition and in failing to grant appellant's motion to dismiss.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 22, 1982.

*Ronald A. Lowry,* for appellant.
*J. Wayne Moulton,* for appellee.