William A. **RANSOM** and William Greg Nesen, Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 229–84C.

United States Claims Court.

Aug. 13, 1985.

Richard M. Norman, Ventura, Cal., for plaintiffs. Sweet, Norman & Dowler, Ventura, Cal., of counsel.

Helene M. Goldberg, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## MEMORANDUM ORDER

MAYER, Judge.

Plaintiffs' motion pursuant to RUSCC 36(a) requests a determination of the sufficiency of defendant's objections to requests for admission. Plaintiffs also move for an order compelling discovery under RUSCC 37(a)(2), and their reasonable expenses, including attorneys fees, incurred in preparing this motion as permitted by RUSCC 37(a)(4).

The dispute arises from plaintiffs' combined requests for admission and interrogatories. This approach required that if defendant denied a request for admission it provide detailed information about the bases for the denial in answer to a corresponding interrogatory. Defendant's objections to fourteen requests for admission are now before the court. Twelve were alternative responses which said, "Defendant objects to this request upon the ground that it seeks a conclusion of law. To the extent that the request may be deemed to relate to facts or the application of law to facts, it is denied." However, even where these alternative responses were interposed, defendant said the interrogatories were "not applicable."

Requests for admission 43, 44, 45, 46, 47, 48, 50, 55, 56, 57, 58, and 60, were objected to because they require conclusions of law. Plaintiffs reply that the requests do not seek impermissible conclusions of law; they seek the application of law to fact expressly permitted by RUSCC 36(a).

RUSCC 36(a) is the same as Federal Rule of Civil Procedure 36(a). The federal rule was amended in 1970 to permit requests for admission seeking the "application of law to fact." At that time, Rule 33(b), pertaining to interrogatories, also was amended by adding the same language. *See* 48 F.R.D. 487, 521 (1970). Though it has been fifteen years since these amendments, interpretations of the phrase "application of law to fact" are sparse. The Advisory Committee notes accompanying the amendment to Rule 36(a) say it "does not authorize requests for admissions of law unrelated to the facts of the case." 48 F.R.D. at 532. Accordingly, "[o]pinions on abstract propositions of law are still objectionable, but requests seeking admission of the truth of statements applying law to the facts of the case are specifically sanctioned...." 4a Moore, Lucas, and Epstein, *Moore's Federal Practice* ¶ 36.04[4] at 36–33.

Consistent with this view, *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y.1973), recognized that "pure requests for admissions of law" are prohibited. And according to *O'Brien v. IBEW*, 443 F.Supp. 1182, 1187 (N.D.Ga.1977), a case interpreting Federal Rule 33(b), "an application of law to the central facts of the case ... is permissible," but questions seeking "pure le-

gal conclusions which are related not to the facts, but to the law of the case" are not.

■ A common principle follows from these observations. Requests for admission under RUSCC 36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable.

Therefore, most of defendant's objections cannot be sustained. For example, request 43 says, "Admit that by execution and delivery of the bid bond referred to in Request No. 33 above, there existed a privity of contract between plaintiffs, and each of them, and the Air Force." This asks for a conclusion of law, but it is necessarily related to the stated facts. Ten other requests, 44, 45, 46, 47, 48, 55, 56, 57, 58, and 60, similarly relate legal conclusions to facts of the case and are permissible. Requests for admission like request 43 serve to narrow the issues for trial. *See* 48 F.R.D. at 532. Therefore, defendant's alternative denial of the requests is operative and it must answer each corresponding interrogatory.

■ Defendant's objection to request 50, on the other hand, is well taken. This request says, "Admit that jurisdiction of the within action is conferred on the United States Claims Court by Title 28, United States Code, Section 1491 and Title 41, United States Code, Section 609." A request may properly address jurisdictional facts, *see Khalili v. Pan American Petroleum Corp.*, 49 F.R.D. 22, 23 (D.Alaska 1969); *McGonigle v. Baxter*, 27 F.R.D. 504 (E.D.Pa.1961), but this one seeks a pure conclusion of law not directly related to specified facts.

■ Request 49 asks defendant to "[a]dmit that on August 22, 1980, and at all times thereafter, Marvin was a corporation organized and existed under the laws of the State of California." Defendant responded that it was "without knowledge sufficient to admit or deny" and that the "information necessary to respond to this request is equally accessible to plaintiffs as to defendant." As required by RUSCC 36(a), however, defendant did not state that it had made a "reasonable inquiry and that the information known or readily obtainable ... is insufficient to ... admit or deny." The rule requires such diligence as is appropriate to the circumstances and defendant may have the opportunity to amend its response to set out the required representation. *See City of Rome v. United States*, 450 F.Supp. 378, 383 (D.D.C. 1978), *aff'd*, 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980). Defendant also says the request is "totally irrelevant" to any issue in the case, but does not suggest why. Plaintiffs apparently believe otherwise, but if on reflection they concur in defendant's view, it would be prudent to drop it. *See* RUSCC 26(b)(1).

■ The last objection raised by defendant concerns request 51 which asked it to admit that its agents, employees, and contracting officers were acting within the course and scope of their authority. It asks defendant to make an across-the-board admission about all its personnel. Defendant objected that this request "is too vague to permit an accurate response," and the court agrees. The subject matter is not objectionable. The Advisory notes for the 1970 amendment to Federal Rule 36(a) cite *McSparran v. Hanigan*, 225 F.Supp. 628, 636 (E.D.Pa.1963), as illustrative of the propriety of seeking admissions about the scope of employment, a mixture of law and fact. 48 F.R.D. at 532. But the breadth of this request is too great. Given the nature and size of government contracting operations, more particularity is required.

■ As a remedy for defendant's objectionable responses, plaintiffs ask that these requests be deemed admitted or that amended answers be served. See RUSCC 36(a). Because requests 43, 44, 45, 46, 47, 48, 55, 56, 57, 58, and 60 seek permissible

applications of law to fact, defendant's alternative responses denying these requests are sufficient. Therefore, these requests need not be "deemed admitted" and amended answers are not required. The interrogatories corresponding to these requests must be answered, however, and to that extent plaintiffs' motion for an order compelling discovery will be granted.

■ Under RUSCC 37(a)(4), a party prevailing on a motion to compel discovery may recover its reasonable expenses, including attorneys' fees, "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Plaintiffs, of course, have prevailed on twelve requests for admission. But because interpretations under the parallel provision of Federal Rule of Civil Procedure 37(a) are meager, and none have been published in this court, the court concludes that defendant's objections were substantially justified. The parameters of the "application of law to fact" concept are not self-evident; the few authorities addressing the issue have only slightly penetrated its opacity. Under these circumstances, plaintiffs' request for expenses and attorneys' fees will be denied.

Accordingly, it is ORDERED:

1. Defendant's objections to requests 43, 44, 45, 46, 47, 48, 55, 56, 57, 58 and 60 are insufficient. Plaintiffs' motion to compel answers to interrogatories corresponding to the requests is GRANTED and defendant shall answer not later than September 13, 1985.

2. Defendant's response to request 49 is insufficient and it shall AMEND the response not later than September 13, 1985.

3. Defendant's objections to requests 50 and 51 are sufficient, and plaintiffs' motion to compel as to them is DENIED.

4. Plaintiffs' request for expenses incurred in obtaining this order is DENIED.