Alphonso **BERRY** d/b/a B & R Supply, Inc., and/or B & R Plumbing & Heating Supply, Plaintiff,

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Ritter & Company and Kenneth D. Ritter, Defendants.**

Civ. No. H 82–650.

United States District Court, N.D. Indiana, Hammond Division.

June 27, 1986.

**442**

Saul I. Ruman, Hammond, Ind., for plaintiff.

Guy E. Burnette, Jr., Butler & Burnette, Tampa, Fla., for defendant Federated Mut. Ins.

Terrence M. Rubino, Barry D. Sherman, Hammond, Ind., for defendant Ritter & Co.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for a Protective Order filed by the defendant, Federated Mutual Insurance Company, on June 24, 1986. For the reasons set forth below, the Motion is DENIED.

On or about September 7, 1981, the plaintiff, Alphonso Berry, owned and operated a business in Gary, Indiana. On that date, the building and its contents were destroyed by fire. It is undisputed that the defendant, Federated Mutual Insurance Company (hereinafter Federated), had issued a policy of insurance prior to the fire.

The plaintiff hired independent insurance adjusters, Ritter & Company, to handle his claim. The plaintiff, through Ritter & Company, requested and received numerous extensions of time to file the required proof of loss. The final extension allegedly expired on July 12, 1982. The plaintiff maintains that the required proof of loss was mailed to Federated by Ritter & Company in a letter dated July 12, 1982. Federated denies receipt of that letter. Based upon the alleged failure to submit a proof of loss, Federated denied the plaintiff's claim in a letter dated August 4, 1982.

After Federated denied the claim, the plaintiff employed an attorney to handle the legal proceedings against Federated. A complaint initially was filed against Federated seeking compensatory damages under the terms of the insurance policy and punitive damages based upon the alleged bad faith in denying the claim. The plaintiff subsequently amended his complaint to add Ritter & Company as a party defendant for its alleged negligent handling and processing of the insurance claim.

On May 23, 1986, the plaintiff served Requests For Admissions on both defendants. The Requests For Admissions stated:

Plaintiff requests that you admit that each exhibit is a true and correct copy of the original so as to dispense with any foundationary authentication requirements of the Federal Rules of Evidence.

The plaintiff then listed 244 exhibits which included copies of the insurance policy, letters, office memoranda, checks, and other documents. Copies of the exhibits were served upon the defendants with the Requests For Admission.

Federated has objected to the Request For Admissions claiming that they are "overwhelming, vexatious, oppressive, and unduly burdensome" and that requests directed to foundation and admissibility issues are "not a proper subject of Requests for Admissions." Federated failed to cite any authority to support its position.

Rule 36(a) of the Federal Rules of Civil Procedure provides:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the

request unless they have been or are otherwise furnished or made available for inspection and copying. ...

The purpose of Rule 36 is to expedite the trial by determining what issues are in genuine dispute and by resolving the issues which are not disputed. Such a procedure avoids both a delay during the trial and the unnecessary expense of proving a matter which is not in dispute. *See generally Burns v. Phillips,* 50 F.R.D. 187, 188 (N.D. Ga.1970); and Wright and Miller, 8 *Federal Practice and Procedure,* Section 2252.

■ In the instant case, a large number of documents must be introduced at trial. The genuineness and authenticity of the majority of these documents should not be in dispute. Therefore, Rule 36 is an appropriate procedure to determine which documents will have foundational problems and which will not.

For the foregoing reasons, the Motion for a Protective Order filed by the defendant, Federated Mutual Insurance Company, on June 24, 1986 is DENIED. The defendant is ORDERED to file an appropriate response on or before July 8, 1986.