### GOLDEN VALLEY MICROWAVE FOODS, INC., Plaintiff,

v.

### WEAVER POPCORN COMPANY, INC., and Beatrice/Hunt–Wesson, Inc. and American Packaging Corporation, Defendants.

Civ. No. F 88–251.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 17, 1990.

Edward M. O'Toole and Madeline H. Devereux, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., and Arthur G. Surguine, Jr., Ft. Wayne, Ind., for plaintiff.

Thomas M. Shoaff, Randall D. Smith, Baker & Daniels & Shoaff, Fort Wayne, Ind., and Richard D. Harris, John S. Pacocha, Howard E. Silverman, Max Shaftal, Dick and Harris, and Jody L. Factor, Chicago, Ill., for defendant.

Steven L. Jackson, Dennis J. Grotrian, Miller, Grotrian, Stewart & Jackson, Fort Wayne, Ind., and Robert A. Schroeder, Richard S. Bullitt, Joseph T. Jakubek and Craig Summers, Pretty, Schroeder, Brueggemann & Clark, Los Angeles, Cal., for intervening defendants Beatrice/Hunt Wesson Inc. and American Packaging Corp.

## MEMORANDUM OF DECISION AND ORDER·

ROGER B. COSBEY, United States Magistrate.

This matter is before the Magistrate [1] for ruling on discovery issues pursuant to the Amended Order of Reference by the Honorable William C. Lee, of the District Court entered December 28, 1989.

The parties appeared before the Magistate for a hearing on those discovery issues on January 10, 1990 and reported that though cooperative efforts, all issues outlined in the current pending motions [2] have been resolved except intervening defendants/counterclaimants', Beatrice–Hunt–Wesson, Inc. ("Hunt–Wesson") and American Packaging Corp. ("American"), motion to compel answers to their 75 Requests for Admission, heretofore, served upon plaintiff, Golden Valley Microwave Foods, Inc. ("Golden Valley"). For reasons stated below, Hunt–Wesson's and American's motion to compel will be granted in part and denied in part.

### Factual Background

For purposes of our drama it is not necessary to fully recount the story as it has now unfolded; suffice it to say that Golden Valley produces and sells microwavable foods including popcorn. Defendant–Weaver manufactures and sells microwave popcorn. Defendant–Hunt–Wesson produces and packages food products including microwave popcorn under the tradename "Orville Redenbacher's" and Defendant–American supplies packages to Hunt–Wesson for its microwave popcorn. All of the defendants are allegedly utilizing a device which is known as a flexible packing sheet in packaging their microwave popcorn product. This device, when exposed to microwave rays, is a major component in causing the popcorn to pop. Golden Valley alleges that defendants are infringing on

---

1. Jurisdiction of the undersigned Magistrate is based upon 28 U.S.C. § 636(b)(1)(A) and local rule M–1(c); determination of non-dispositive pretrial matters.

2. Motions pending at the time of reference included, plaintiff's motion to compel filed October 24, 1989; defendants', Hunt–Wesson and American, December 12, 1989 motion to compel and defendants', Hunt–Wesson and American, December 8, 1989 motion for a protective order.

their patent for such a device. Defendants generally deny the validity of the patent and any infringement.

### Procedural Background

Golden Valley's amended complaint, filed in this court, alleges that all defendants have infringed upon and continue to infringe upon claims 15–22 of patent '513 and have infringed upon and continue to infringe upon claims 1–12 and 15 of patent '765 regarding generally the flexible packing sheet.[3]

Defendants, Hunt–Wesson and American, had previously filed a declaratory judgment suit against Golden Valley, in California for alleged violations of patent '513. After leave was granted to Hunt–Wesson and American to intervene in this case, they dismissed the California action. In their answer, Hunt–Wesson and American allege the invalidity of the patents and seek, by way of a counterclaim, a declaration as to: the validity of the patents in question; the scope of those patents; and whether they have infringed upon any valid claim of those patents.

### DISCUSSION

Hunt–Wesson and American have served upon Golden Valley, pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), 75 requests for admission seeking to have Golden Valley admit or deny that the claims 1–14 and 23 (in contradistinction to claims 15–22) of patent No. '513 (sometimes referred to as "the unasserted claims") are invalid and have not been infringed upon by defendants Hunt–Wesson and American.

To oversimplify the arguments of the parties, Golden Valley responds that the requests are outside the scope of the litigation as defined by their amended complaint and that, therefore, there is no justiciable controversy on those claims. Hunt–Wes-

son and American counter that the validity of those claims focused upon in their requests for admission has been raised in the counterclaim for declaratory relief and thus, in controversy and relevant. A further objection raised by Golden Valley to the 75 requests for admission is that they run afoul of local rule 14(c) which reads in part:

> No party shall serve on any other party more than thirty (30) ... requests for admission, including subparagraphs, without leave of court ... Any party desiring to serve additional ... requests for admission shall file a written motion setting forth the proposed ... requests for admission and the reasons establishing good cause for their use.[4]

The court will address the issues raised by defendants motion to compel and the violation of local rule 14(c) seriatim.

### I. Motion to Compel

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope of discovery and reads in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ... It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Hunt–Wesson's and American's claim for affirmative relief is framed by their counterclaim for declaratory judgment seeking to have Golden Valley's patent, '513, declared to be completely invalid. This frontal assault on the patent has been launched via 28 U.S.C. § 2201(a) which reads in pertinent part:

---

**3.** When the suit was commenced it was for violation of patent No. 4,735,513 ('513), Flexible Packaging Sheets. Since commencement of the case, the court has granted permission to also include patent No. 4,878,765 ('765), Flexible Packaging Sheets and Packages Formed Therefrom.

**4.** It should be noted that Hunt–Wesson and American originally filed their requests in the California action where apparently no such local rule prevails.

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.

Therefore, the limits of this action are that an "actual controversy" must exist as a prerequisite to the court's jurisdiction. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). The determination of whether a justiciable case or controversy exists requires a fact sensitive inquiry on a case by case basis. *Babbit v. Farm Workers*, 442 U.S. 289, 297–8, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979).

Focusing on a patent invalidity declaratory judgment counterclaim, a two step analysis must be employed to determine the existence of such a case or controversy. First, the conduct of the declaratory judgment defendant, Golden Valley, must be examined to determine whether it has engaged in conduct that created a reasonable apprehension on the part of the declaratory judgment plaintiffs, Hunt–Wesson and American, that they will face an infringement suit if they continue the activity in question. *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1398 (Fed.Cir. 1984). Second, the conduct of the declaratory judgment plaintiffs must be scrutinized to determine whether they are actually producing or have prepared the accused device. *Id.* at 1399.

At this juncture, the court pauses to note that it has not been asked (except perhaps, only inferentially by Golden Valley) to assess the justiciability of defendants counterclaim.[5] Indeed, to launch into the fact sensitive inquiry necessary to make such a determination would seemingly be a bit premature during the "discovery phase" of the case, while counsel are still in the process of discovering the "facts".[6] Correspondingly, Hunt–Wesson and American have alleged in their counterclaim language which if read most broadly, seemingly satisfies the two-tier inquiry.[7]

Rather, the proper focus of the court under Rule 26(b) and Rule 36(a) FRCP should be confined to traditional notions of relevance. For the court to decide the justiciability of defendants counterclaim (even inferentially) under the guise of determining the relevancy of certain requested admissions could eviscerate defendant's case without having been confronted with the proper procedural vehicle to do so; and may be outside the confines of the amended order of reference entered December 28, 1989. *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co. and Phillips Chemical Co.*, 24 F.R.D. 416, 422 (D.Del. 1959). Mere examination of the pleadings in this case discloses that the scope of the matters sought to be admitted are indeed relevant. See *E.H. Tate Co. v. Jiffy Enterprises*, 16 F.R.D. 571 (E.D.Pa.1954). This conclusion is reached especially given Hunt–Wesson and American's assertions that Golden Valley may have employed inequitable conduct with respect to certain claims which, if proven, would render the entire '513 patent unenforceable. *J.P. Stevens & Co. v. Lex Tex Ltd., Inc.*, 747 F.2d 1553, 1561 (Fed.Cir.1984). A litigant should not be able to parry a discovery thrust by anticipatory initial skillful pleading when a counterclaim is filed that legitimately broadens the scope of the case.

Likewise, if the '513 patent is indeed unenforceable as contended by Hunt–Wesson and American this clearly would constitute a 35 U.S.C. § 282(2) "defense" for purposes of Rule 26(b) FRCP identifying the permissable scope of discovery.

Therefore, discovery as to Golden Valley's unasserted claims under patent '513 is relevant.

## II. The Specific Requests for Admissions

■ Turning now to the defendant's specific requests for admission, a review of

---

5. Golden Valley has not filed the traditional pleadings which would squarely bring this question to the courts attention; such as a motion to dismiss, Rule 12(b) FRCP; or a motion for summary judgment, Rule 56 FRCP.

6. Discovery remains open by court order until April 30, 1990.

7. See Hunt–Wesson and American Counter Claim ¶ 8, 9, and 10.

Rule 36 FRCP may prove helpful. The rule states in pertinent part:

A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact ...

Fed.R.Civ.P. 36(a).

After having now observed the scope of Rule 36(a), it would appear that some of the requests, as framed, may work in part to narrow the issues presented for trial, thereby satisfying their unique role as a discovery device in the litigation process. *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 442-3 (N.D.Ind.1986). However, Golden Valley's suggestion that the form of certain requests improperly seek a legal conclusion, has some apparent validity.[8]

Specifically, whether a patent is valid calls for a legal conclusion although its answer may depend upon factual inquiries. *Weidman Metal Masters Co., Inc. v. Glass Master Corp.*, 623 F.2d 1024, 1025, *reh'g denied*, 628 F.2d 1354, *cert. denied*, 450 U.S. 982, 101 S.Ct 1519, 67 L.Ed.2d 817 (1980); *Norris Industries, Inc. v. Best Universal Lock Co.*, 296 F.Supp. 372, 379 (S.D.Ind.1968). Correspondingly, claim validity, like patent validity, is also a legal conclusion subject to the many facts which seemingly swirl about such issues. *EWP Corp. v. Reliance Universal Inc.*, 755 F.2d 898, 905 (Fed.Cir.1985); *Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1333 & 1338 (7th Cir.1984). Hunt–Wesson's and American's requests seeking a bald legal conclusion that certain patent claims are invalid runs counter to the proscription of FRCP Rule 36(a).

Simply stated, defendants requests for admission ¶¶ 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71 are improperly framed as legal conclusions and not opinions of fact.

Therefore, since the court finds that the above listed requests are improper as presently cast, plaintiff should not be compelled to answer them.

## III. Application of the Local Rule

Finally, attention is turned to Golden Valley's objection to the number of submitted requests. Hunt–Wesson and American, in their Supplemental Memorandum filed January 8, 1990, withdrew 30 requests [9] thereby reducing the number submitted to 45. Hunt–Wesson's and American's voluntary withdrawal of these requests removes from the ambit of inquiry the question of whether Golden Valley is aware of any acts by Hunt–Wesson and American that constitute infringement. The court, in this order has just invalidated 15 more requests further reducing the number of requests to 30 and therefore properly (yet, coincidentally) bringing the total number of requests into compliance with local rule 14(c). This action renders any objections to the number of requests submitted moot.

## CONCLUSION

Based on the foregoing, the court hereby finds that discovery as to the unasserted claims is proper and within the scope of discovery. The court further finds that 15 of the requests for admission as previously identified are improper and therefore invalid. Finally, because of the withdrawal of 30 requests and the invalidation of 15 requests, Golden Valley's objection as to the number of requests submitted is rendered moot.

## ORDER

It is therefore Ordered that the motion to compel is granted in part and Golden Valley is to respond to Requests for Admission numbered 2, 4, 7, 9, 12, 14, 17, 19, 22, 24, 27, 29, 32, 34, 37, 39, 42, 44, 47, 49, 52, 54, 57, 59, 62, 64, 67, 69, 72, and 74 within 15

---

**8.** See Hunt–Wesson's and American's Requests for Admission numbers 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71.

**9.** The requests which were withdrawn are ¶¶ 3, 5, 8, 10, 13, 15, 18, 20, 23, 25, 28, 30, 33, 35, 38, 40, 43, 45, 48, 50, 53, 55, 58, 60, 63, 65, 68, 70, 73, and 75.

days from the date of this order. The Motion to Compel is denied as to requests numbered 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, and 71.

