**RELIANCE INSURANCE COMPANY, etc., et al., Plaintiffs,**

v.

**MARATHON LeTOURNEAU COMPANY, et al., Defendants,**

**and**

**MARATHON LeTOURNEAU COMPANY, Defendant and Third–Party Plaintiff,**

v.

**BARNES GROUP, INC., etc., Third–Party Defendant,**

**and,**

**Forney SHREWSBURY, Plaintiff,**

v.

**MARATHON LeTOURNEAU COMPANY, et al., Defendants.**

Civ. A. Nos. 3:92–0127, 3:93–0209.

United States District Court, S.D. West Virginia, at Huntington.

Jan. 26, 1994.

E.W. Rugeley, Jr., Allen R. Prunty, Jackson & Kelly, Charleston, WV, for plaintiff.

G. David Brumfield, Welch, WV, Pamela A. Lambert, Gilbert, WV, for consolidated plaintiff.

Martin R. Smith, Jr., Steptoe & Johnson, Charleston, WV, Vincent Barbera, Barbera & Barbera, Somerset, PA, for intervenors-plaintiffs.

John R. McGhee, Jr., Kay, Casto, Chaney, Love & Wise, Charleston, WV, for Marathon LeTourneau Co.

G.W. Lavender, III, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, WV, for Heavy Machines, Inc.

David A. Mohler, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, WV, for Barnes Group, Inc.

Donald B. O'Dell, Robert E. Gifford, Lamp, O'Dell, Bartram & Entsminger, Huntington, WV, for Gibbs Wire & Steel Co., Inc.

**MEMORANDUM ORDER**

TAYLOR, United States Magistrate Judge.

This matter comes before the Court on motion of plaintiff, Forney Shrewsbury, seek-

ing an order requiring the defendant, Marathon LeTourneau Company, to answer interrogatories and to provide appropriate responses to requests for admissions or, in the alternative, directing that the requests be taken as admitted. The issues involved have been briefed by the parties and argued before the Court, and the matter is ripe for decision.

■ Preliminarily, the Court notes that, in a number of its responses, defendant has stated that the request could not "be answered because this is an issue for the jury to decide." The Court, however, finds no sanction for such a response in the language of Rule 36[1] or in the Note of the Advisory Committee accompanying the Rule. A ruling by this Court that a request for admission was improper because it involved issues for decision by the jury[2] could, of course, implicate almost any request for admission and would, in effect, emasculate the provisions of Rule 36.[3] From statements of counsel at the hearing, it is the Court's impression that defendant's failure to respond is, in fact, a consequence of a claimed lack of knowledge sufficient to enable it to either admit or deny the requests. While a response asserting lack of knowledge may be appropriate, the Rule requires that an answer indicating inability to admit or deny "must set forth in detail" the reasons therefor, and, if "lack of information or knowledge" is the reason, the party must further affirm that it "has made reasonable inquiry and that the information

known or readily obtainable by the party is insufficient to enable the party to admit or deny."[4] Avoidance of the requirements of the Rule by responding that a request for admission involves an issue for the jury to decide, however, fails to satisfy the criteria for answers, objections or qualified responses contemplated by Rule 36. On the basis of the present record, and taking account of the fact that defendant's responses may be considered objections, the Court concludes that deeming the requests admitted would not be appropriate. Amended responses, taking account of the requirements of the Rule as set forth herein, will, accordingly, be required.

In accordance with the preceding, and with rulings made by the Court at the hearing on plaintiff's motion, the Court ORDERS the following:

(1) As directed at the hearing, defendant was to have responded to requests 7, 8, 10, 11, 12, and 13 by January 24, 1994.

(2) Defendant shall respond to requests 14, 28, 29, 32, 33, 34, and 36 in accordance with the requirements of Rule 36 as set forth herein. Defendant shall so respond within fifteen days from the date of entry of this Memorandum Order.

(3) With respect to plaintiff's first set of interrogatories to defendant, defendant was directed at the hearing to answer interrogatory number 4, with respect to all experts except Robert Carbarnaro, by January 20, 1994, and answer with respect to Carbarnaro

---

**1.** The Rule expressly states that a party "may not" refuse to respond to a request on the ground that the "matter of which an admission has been requested presents a genuine issue for trial...." Rule 36(a), Federal Rules of Civil Procedure.

**2.** A request involving what is termed a "pure matter of law," i.e., requests for admissions of law unrelated to the facts of the case, is considered improper. *Diederich v. Department of the Army,* 132 F.R.D. 614, 617 (S.D.N.Y.1990).

**3.** The "issue for the jury to decide" characterization appears to be merely another way of objecting to requests on the basis that the requests relate to an "ultimate fact" or to issues of fact "dispositive of one aspect of the case"—objections which have been found inappropriate by the courts. *Branch Banking and Trust Company v. Deutz–Allis Corporation,* 120 F.R.D. 655, 658 (E.D.N.C.1988). *See also, City of Rome v. United*

*States,* 450 F.Supp. 378, 383 (D.D.C.1978), *aff'd* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980).

**4.** As is pointed out in the Advisory Committee's Note to Rule 36, "a reasonable burden may be imposed" with respect to the obligation of a party to conduct a "reasonable inquiry" before responding that it lacks sufficient information or knowledge to admit or deny. *Advisory Committee's Note to Rule 36(a),* 48 F.R.D. 531, 533 (1970). *See also, Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 374–75 (S.D.N.Y.1989). Moreover, the affirmation of reasonable inquiry is subject to "the overriding limitation of good faith," *ASEA, Inc. v. Southern Pacific Transportation Company,* 669 F.2d 1242, 1246 (9th Cir. 1981), and to a duty to amend in accordance with the provisions of Rule 26(e)(2).

by January 24, 1994.  With respect to inter-rogatory number 5 of plaintiff's first set of interrogatories, defendant was directed to answer by January 20, 1994 as to experts retained and expected to testify.