## A96A0871. G. H. BASS & COMPANY v. FULTON COUNTY BOARD OF TAX ASSESSORS.
(473 SE2d 253)

JOHNSON, Judge.

Claiming that the Fulton County Board of Tax Assessors wrongly denied its application for a freeport exemption from personal property taxation, G. H. Bass & Company appealed to the Fulton County Board of Equalization ("the County"). When the County affirmed the Board of Tax Assessors' decision, G. H. Bass sought judicial review in superior court. G. H. Bass moved for summary judgment and the County filed a cross-motion for summary judgment. The trial court denied G. H. Bass' motion and granted the County's motion, holding that G. H. Bass' application for the exemption was untimely. G. H. Bass appeals.

1. G. H. Bass argues that the trial court erred in granting summary judgment to the County when the County admitted that it was entitled to the exemption. G. H. Bass points to its Request for Admission No. 1, which states: "The Plaintiff is entitled to a personal property/inventory/freeport exemption of $23,241,497.00 for the 1994 tax year." The County did not respond to the request for admissions. Therefore, G. H. Bass claims, the statement was deemed admitted.

See OCGA § 9-11-36 (a) (2). We disagree. "[A request for admissions] must deal with matters essentially factual, not opinionative or conclusions of law. . . ." (Citation omitted.) *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827, 831 (2) (b) (209 SE2d 272) (1974). The statement at issue was not factual, but conclusory, and essentially dealt with the ultimate legal issue in the case. That the County failed to answer a request for admission of law is of no consequence. See *Tandy Computer Leasing v. Smith*, 186 Ga. App. 101, 103 (366 SE2d 417) (1988). This enumeration is without merit.

2. It is undisputed that G. H. Bass failed to apply for the 1994 exemption by the application deadline. See OCGA §§ 48-5-48.1; 48-5-18 (i). However, in its second enumeration of error G. H. Bass argues that the 1994 freeport exemption should have been allowed because it was allowed the freeport exemption in the preceding tax year. In support of this argument, G. H. Bass cites OCGA § 48-5-20 (a), which provides in part that a taxpayer who returned taxes for the preceding tax year and fails to return his property for taxation for the current year, is deemed to have returned for taxation the same property as was returned in the preceding tax year and to have claimed the same homestead exemption and personal property exemption as allowed in the preceding year. We do not agree that OCGA § 48-5-20 is controlling under the facts of this case.

OCGA § 48-5-48.1, unlike OCGA § 48-5-20, specifically sets forth the freeport exemption application process. It provides that such an application must be filed by a certain date and that "failure to file properly the application and schedule shall constitute a waiver of the exemption . . . for that year." OCGA § 48-5-48.1 (c). "[A] specific statute governs over a more general statute where they are in conflict. [Cit.]" *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592 (2) (436 SE2d 219) (1993). Because OCGA § 48-5-48.1 is more specific on the issue of failure to file freeport exemption applications, it controls. Further, OCGA § 48-5-48.1 was enacted more recently than the statute upon which G. H. Bass relies. The legislature is presumed to enact statutes with full knowledge of the existing law. *Henry v. Wild Pines Apts.*, 177 Ga. App. 576 (340 SE2d 233) (1986). Therefore, we presume that the legislature knew that OCGA § 48-5-20 allowed exemptions claimed in previous years without application, but decided to change the law to require timely filing in order to obtain freeport exemptions. The trial court properly resolved the issue in favor of the more specific, more recently enacted statute.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 8, 1996 — 

*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry*, for appellant.

*W. Roy Mays III*, for appellee.