**S.A. HEALY COMPANY/LODIGIANI USA, LTD.; a Joint Venture, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 94–755C.

United States Court of Federal Claims.

Jan. 21, 1997.

**Order**

WEINSTEIN, Judge.

Plaintiff has moved the court to determine the sufficiency of defendant's responses, mostly objections based on alleged vagueness, to a large number of plaintiff's requests for admissions under United States Court of Federal Claims Rule (RCFC) 36. The motion is granted.

■ Defendant objected to requests 1, 2, 16, 21, 44, 46, 48, 49, and 51 on the grounds that they sought admissions to the interpretations of contract provisions, and contract interpretation is beyond the scope permitted by the rules of civil procedure because it is a pure question of law, rather than "the application of law to facts," RCFC 36(a). As plaintiff correctly points out, the requests seek only admissions that the contract says what it says. Defendant's objections are unfounded. Admissions of the contents or interpretation of a contract at most involve the application of law to facts. *Kutner Buick, Inc. v. Crum & Foster Corp.,* No. Civ.A. 95–1268, 1995 WL 508175, at *2 (E.D.Pa. Aug. 24, 1995) (admissions required as to contents of insurance policies).

"Requests for admission are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." ... [O]pinions on abstract propositions of law are still objectionable, but requests seeking admission of the truth of statements applying law to the facts of the case are specifically sanctioned [by the advisory committee notes to the 1970 amendments to federal rule 36].

*Audiotext Communications Network v. US Telecom,* Civ. No. A. 94–2395–GTV 1995 WL 625744 at *6 (D.Kan. Oct. 5, 1995) (quotation marks omitted) (quoting *Ransom v. United States,* 8 Cl.Ct. 646, 647–48 (1985) (quoting 4A Moore, Lucas & Epstein, *Moore's Federal Practice* ¶ 36.04[4], at 36–33)). Nor is a request objectionable "merely because it relates to an 'ultimate fact' or to an issue of fact that is dispositive of one aspect of the case." *Branch Banking & Trust Co. v. Deutz–Allis Corp.,* 120 F.R.D. 655, 658 (E.D.N.C.1988) (citing *City of Rome v. United States,* 450 F.Supp. 378, 383 (D.D.C.1978) *aff'd,* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980)).

■ Defendant objected to requests 3, 12, 15, 16, 17, 20, 23, 34, 50, 53, and 54 on the grounds that the term "Contract Documents" was too vague to permit an accurate response. This objection is specious. While the definitions accompanying the requests for admissions do not define that term, they do define "Contract" to mean the contract at issue in this litigation. As plaintiff asserts, the term "Contract Documents" clearly refers to all the contract documents and thus to the modifications to the contract, as well as to any documents, such as the Geotechnical Design Summary Report (GDSR), incorporated by reference into the contract. If defendant understood the term to have some other possible meaning, it should have specified that meaning and admitted or denied each request based on both meanings. *See Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 938 (9th Cir.1994) (party "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted"; "party unable to agree with exact wording of request for admission ... should agree to an alternate wording or stipulation," or " 'set forth in detail the reasons why [he could not] truthfully admit or deny the mat-

ter'") (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 579–81 (9th Cir.1992); quoting *Milgram Food Stores v. United States*, 558 F.Supp. 629, 636 (W.D.Mo.1983), and Fed.R.Civ.P. 36(a)).

■ Defendant also objected to request 12 on the ground that the term "observable conditions" was too vague to permit a response. While the word "observable" may mean either visible or measurable, *American Heritage Dictionary of the English Language* 908 (new college ed. 1976), the meaning of the request is not so unclear as to prevent defendant from responding to both of these meanings, and stipulating to any other meaning to which it *could* admit. *Marchand*, 22 F.3d at 938; *Holmgren*, 976 F.2d at 579 ("epistemological doubts speak highly of [requested party's] philosophical sophistication, but poorly of its respect for Rule 36(a)").

Defendant's objection to request 15 on the grounds that the term "H/L" was too vague to permit an accurate response is without any merit whatsoever. The definitions accompanying the requests for admissions define "H/L" as the joint venture of S.A. Healy/Lodigiani USA Ltd., the plaintiff in this action. Moreover, defendant itself used the term "H/L" in its responses to requests 11, 22, 24, 38–42, and 45.

■ Defendant also objected to requests 20, 23, 34, 53, and 54 on the grounds that they described certain changes as "material" without defining the term, and thus were too vague to permit an accurate response. The court agrees that the word "material" may be somewhat inexact. However, defendant could, and should, have responded, by striking the word "material," by specifying the quantity of the increase or decrease in each instance, and/or by using its own definition of materiality, *e.g.*, so substantial a deviation from the contract as to warrant a change order. *See Marchand*, 22 F.3d at 938; *Naxon Telesign Corp. v. GTE Info. Sys., Inc.*, 30 Fed.R.Serv.2d 1286, 1287 (N.D.Ill.1980) (proponent permitted to restate request to cure objection). "[W]hen good faith requires that a party qualify the party's answer or deny only a part of the matter of which an admission is requested, the party shall specify so

much of it as is true and qualify or deny the remainder." RCFC 36(a). This serves the purposes of Rule 36, which are to facilitate proof and narrow the issues for trial. Fed. R.Civ.P. 36 1970 adv. cmte. note.

■ Defendant made similar objections to requests 18 and 19, on the grounds that statements that certain ground support categories "increased by 86%, from 1014 linear feet anticipated" and "decreased by 56%, from 2846 linear feet anticipated" were too vague to permit an accurate response. Defendant's argument that the request is vague because it did not specify by whom the footage was anticipated is not well-taken; it is clear to the court that the requests refer to the figures set forth in the GDSR. *See Diederich v. Department of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y.1990) (the "level of expression and detail" required to make a request for admission sufficiently clear varies with "each individual case"). Also, again, defendant could frame its response to take into account any different possible meanings.

Defendant objected to request 24 on the grounds that the term "met all requirements for training and experience set forth by the Contract" was too vague to permit an accurate response. This does not appear vague to the court, since it references the contract. If only some contract requirements were met, defendant should specify and admit which were met and specify and deny those that were not. Again, the purpose of RCFC 36 is to narrow and eliminate disputed issues, of fact and law, not to evade this narrowing by hypercritical objections.

■ Defendant objected to request 31 ("The average Q-values obtained for each Ground Support Category in the Northbound and Southbound Top Headings are consistently lower than the Q-values in the corresponding Ground Support Categories in the pilot tunnel.") on the grounds that the term "corresponding Ground Support Categories in the pilot tunnel" was too vague to permit an accurate response. This objection too is meritless. The term clearly refers to the Ground Support Categories in the stations of the pilot tunnel corresponding to the stations of main tunnels. Also, defendant's objection

to the term "average Q-values obtained for each Ground Support Category in the Northbound and Southbound Top Headings" was not stated in its response to the request, and cannot be asserted in its opposition to plaintiff's motion. *Bollard v. Volkswagen of Am., Inc.*, 56 F.R.D. 569, 579 (W.D.Mo.1971).

Defendant objected to requests 36, 37, and 47 on the ground that the term "increase the amount of overbreak encountered" was too vague to permit an accurate response. Defendant's assertion that it does not understand the word "overbreak" after two years of this litigation does not merit discussion. Nor is there any ambiguity about the word "increase"; the requests seek admissions that the method or practice mentioned in each request did not result in more overbreak than would have occurred using the method or practice set out in the contract. Again, if defendant needs to qualify its admission to make it accurate and responsive, it not only should, but must, do so.

Defendant's additional objection to request 53, on the grounds that the term "shotcrete consumption" is vague is meritless. The term clearly means the amount of shotcrete used on the project (the second meaning suggested in defendant's brief). Moreover, this is another request to which defendant should have responded by explaining its interpretation, and admitting or denying based thereon.

■ A motion to determine the sufficiency of answers and objections to requests for admissions is in effect a motion to deem the requests admitted. Because "no real prejudice in litigating the action on the merits has accrued as the result of the delay, 'substantial justice' would best be achieved by deeming the proffered facts not admitted but rather by ordering defendant to respond forthwith." *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 41 (W.D.N.Y.1985) (citing *Warren v. International Bhd. of Teamsters*, 544 F.2d 334, 340 (8th Cir.1976); *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y.1973)). Defendant therefore shall serve answers to requests 1–3, 12, 15–21, 23, 31, 34, 36, 37, 44, 46–51, 53, and 54 upon plaintiff on or before February 18, 1997.

Plaintiff's motion for an award of the expenses incurred in prosecuting this motion, pursuant to RCFC 37(a)(4), also is granted. *See Holmgren*, 976 F.2d at 579–81; *Thalheim v. Eberheim*, 124 F.R.D. 34, 35–36 (D.Conn.1988) (reviewing court "should not permit a responding party to undermine the efficacy of the rule by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden unopposing party," nor "permit a responding party to frustrate the rule by initially providing inadequate responses, forcing the requesting party to file a motion and costly memoranda, and *only then* coming forward with 'amended answers' that easily could have been supplied in the first instance"). Plaintiff shall submit a bill of expenses on or before February 14, 1997; defendant's response shall be due February 28, 1997.