S96G1677. G. H. BASS & COMPANY v. FULTON COUNTY BOARD OF TAX ASSESSORS.

(486 SE2d 810)

HUNSTEIN, Justice.

This Court granted certiorari to consider the permissible scope of requests for admission under OCGA § 9-11-36 and whether the request at issue in *G. H. Bass & Co. v. Bd. of Tax Assessors,* 222 Ga. App. 118 (1) (473 SE2d 253) (1996) was proper thereunder.

1. OCGA § 9-11-36 (Code Ann. § 81A-136) was amended in 1972 to provide, inter alia, that

> [a] party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of [OCGA § 9-11-26 (b)] which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact.

Id. at (1), Ga. L. 1972, pp. 510, 528, § 9.[1]

The purpose of the 1972 amendment to OCGA § 9-11-36 was to conform the discovery provisions of the Georgia Civil Practice Act to the 1970 amendments to the Federal Rules of Civil Procedure. *Cielock v. Munn,* 244 Ga. 810, 812 (262 SE2d 114) (1979). Federal Rule 36 (a) is identical to OCGA § 9-11-36 (1) in its provision that requests "relate to statements or opinions of fact or of the application of law to fact." Thus, decisions of the Federal courts construing and applying Federal Rule 36 should be persuasive as to the permissible scope of requests for admission under § 36 of the Georgia Civil Practice Act. *Ambler v. Archer,* 230 Ga. 281 (1) (196 SE2d 858) (1973); *Worley v. Worley,* 161 Ga. App. 44 (288 SE2d 854) (1982).

---

[1] Previously, § 36 had provided that requests for admission should relate to "the truth of any relevant matters of [f]act set forth in the request." Ga. L. 1966, pp. 609, 648, § 36 (a).

The 1970 amendment to Federal Rule 36 was intended "to liberalize the practice with regard to the discovery of opinions, conclusions, and contentions" and to make explicit the rule that

> discovery could be had of opinions related to fact or to the application of law to fact. The change makes it possible to discover the contentions of the parties. Opinions on abstract propositions of law are still objectionable, but requests seeking admission of the truth of statements applying law to the facts of the case are specifically sanctioned under [Federal Rule 36].

(Footnotes omitted.) 4A Moore's Federal Practice (2d ed.), Par. 36.04[4] at 36-32 through 33. Consistent with this view, Federal courts applying Federal Rule 36 have recognized that requests for admission are not objectionable

> even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable.

*Ransom v. United States*, 3 Fed Rules Serv 3d 174, 175 (Cl. Ct. 1985) (discussing language identical to Federal Rule 36 in RUSCC 36 (a)). See also *Audiotext Communications Network v. US Telecom*, 1995 U. S. Dist. LEXIS 15395, Civil Action No. 94-2395-GTV (D. Kan. October 5, 1995) (requests that seek neither abstract opinions of law nor opinions of law unrelated to the facts of the case are permissible and accomplish the goals of Rule 36); *Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 FRD 524, n. 2, 1994 U. S. Dist. LEXIS 916 (S.D. W. Va. 1994) (request for admission involving pure matter of law unrelated to facts of case is improper).[2]

---

[2] Accord *S. A. Healy Co./Lodigiani USA, Ltd. v. United States*, 1997 U. S. Claims LEXIS 7, No. 94-755C (Cl. Ct. 1997) (scope of requests seeking admissions of the interpretation of a contract permissible); *Saulsberry v. Atlantic Richfield Co.*, 673 FSupp. 811, 814 (N.D. Miss. 1987) (in Civil Rights Act for sexual harassment, permissible requests addressed matters such as that the harassed employee, by seeking workers' compensation, "has waived, or is estopped herein to maintain, the position that [her] injuries were caused intentionally"; that there was "no reasonable or legal basis on which to charge [her] employer" with constructive knowledge of tortious conduct by the party's supervisor; that the supervisor's behavior was "not within the course and scope of his employment or agency"). See also *United States v. 2204 Barbara Lane*, 960 F2d 126, 129 (11th Cir. 1992) (failure to respond to request constituted admission that defendant property had been used to facilitate illegal drug trafficking for purposes of civil forfeiture proceedings); *Stubbs v. Commr. of I.R.S.*, 797 F2d 936, 937-938 (11th Cir. 1986) (failure to respond to request constituted admission that party had received taxable income in certain years and that his failure to file proper returns and pay tax was due to intentional disregard of revenue laws).

The language of OCGA § 9-11-36 (a) as amended in 1972 clearly indicates the Legislature's intent to broaden the scope of requests and thereby liberalize the use of this valuable discovery tool. The Federal cases persuasively illustrate the advantages of eliminating the pre-amendment confusion over requests involving mixed questions of fact and law by allowing requests to seek admission of the truth of those statements that apply the law to the specific facts in the case and by holding objectionable only those opinions on abstract propositions of law. We find that the Federal courts' interpretation of Rule 36 best accomplishes the goal of OCGA § 9-11-36. We therefore conclude that requests for admission under OCGA § 9-11-36 (a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. *Ransom v. United States*, supra; 4A Moore, supra at Par. 36.04[4]. We overrule *A & D Barrel &c. Co. v. Fuqua*, 132 Ga. App. 827 (2) (b) (209 SE2d 272) (1974) (rendered after 1972 amendment to OCGA § 9-11-36 but which applied a pre-amendment standard to request for admission in that appeal) to the extent that it applies to the scope of requests for admission under current OCGA § 9-11-36 (a) (1).

We recognize that liberalization of the scope of requests for admission opens the possibility for abuse of this discovery tool, especially given that OCGA § 9-11-36 (a) (2) provides that the subject matter of an admission is deemed admitted unless a written answer or objection addressed to the matter is made within 30 days after service of the request.[3] However, the statute specifies the manner in which objection can be made and stresses the importance of responding to requests by providing that even where the answering party lacks information or considers the requested matter to involve a genuine issue of fact, the party must nevertheless answer the request, in

---

Compare *Kosta v. Connolly*, 709 FSupp. 592, 594 (E.D. Pa. 1989) (Rule 36 not intended to establish facts obviously in dispute or to answer questions of law, citing pre-amendment case law) but see 4A Moore's Federal Practice, supra at Par. 36.04[8] (criticizing *Kosta* with comment that a "more straightforward approach to the problem would be to require the party served with the request to move the court to relieve him of the admission"); see also *Golden Valley Microwave Foods v. Weaver Popcorn Co.*, 15 Fed Rules Serv 3d 1409, 1414-1415 (N.D. Ind. 1990), which is the sole citation of authority for the abbreviated discussion in 7 Moore's Federal Practice (3rd ed.), § 36.10[8] that requests seeking legal conclusions are not appropriate under Federal Rule 36 (holding: admission seeking "bald legal conclusion" that certain patent claims were invalid not allowable under Rule 36) but see *Hersch v. Commr. of I.R.S.*, T. C. Memo 1992-222; 1992 Tax Ct. Memo LEXIS 256; 63 T.C.M. (CCH) 2763 (1992) (criticizing *Golden Valley Microwave* with comment that "the interpretation that best effectuates the purposes of our Rule is that no issue or fact is specially immune from a request for admission").

[3] The trial court has the discretion to lengthen or shorten this period. Also, unless the court shortens the time, a defendant is not required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him. OCGA § 9-11-36 (a) (2).

a manner consistent with the ways set forth in OCGA § 9-11-36 (a) (2). The statute sets forth the relief available to the requesting party if there are objections to the response, and expressly allows the trial court to defer final disposition of the request until pretrial conference or another designated time prior to trial. Id. at (a) (3).

Furthermore, although OCGA § 9-11-36 provides that any matter admitted under the statute is "conclusively established," id. at (b), the statute also expressly authorizes the court to permit withdrawal or amendment of the admission and vests broad discretion in the trial court in this regard. Specifically, the statute provides that

> the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Id. Accordingly, the Federal courts have allowed parties to avoid the consequences of a failure to respond to requests for admission in instances where the failure was unintentional or the result of lack of actual or constructive notice. See, e.g., *J. D. Pharmaceutical Distribs. v. Save-On Drugs &c. Corp.*, 893 F2d 1201, 1208 (11th Cir. 1990) (summary judgment vacated where defendant showed lack of actual or constructive notice of plaintiff's requests for admission); *Bergemann v. United States*, 820 F2d 1117, 1120-1121 (10th Cir. 1987) (party not bound by unanswered request for admission, even where it does not formally move to withdraw the admission, where party shows to court that its failure to answer was unintentional and the parties are not prejudiced).

2. We need not reach the issue whether Bass' request for admission comes within the permissible scope of OCGA § 9-11-36 because the record reveals that the Board, upon the filing of Bass' requests for admission, did not respond, assert objections, request deferment of its obligation to respond to the requests, or seek a protective order. The Board did not move the trial court to allow the withdrawal or amendment of its admissions either before or after Bass raised the legal effect of the Board's failure to respond to its requests[4] and did not offer any justification for its failure to respond which would have

---

[4] Contrary to the Board's assertion, the record reveals that in its response to the Board's motion, Bass specifically raised the issue of the Board's failure to respond to Bass' requests for admission; asserted that the failure to respond constituted an admission by operation of OCGA § 9-11-36; and contended that "upon this basis alone" the Board's motion should be denied and its motion granted.

authorized the trial court to exercise its discretion under OCGA § 9-11-36 (b) to relieve the Board from the consequence of its admissions. Because the Board did not avail itself of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of Bass' requests for admission stood admitted. See generally *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406 (1) (283 SE2d 632) (1981). Accord 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d, p. 551, § 2259 (party who fails to respond to request should be held to have admitted it even though the request was objectionable; it is "needlessly wasteful of judicial effort to allow a party to obtain a reversal on appeal because of an objection it could have but failed to make when the request was served").

The language in OCGA § 9-11-36 (a) is "clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission." *Walker Enterprises v. Mullis*, 124 Ga. App. 305, 307 (2) (183 SE2d 534) (1971), limited in *Taylor v. Hunnicutt*, 129 Ga. App. 314 (199 SE2d 596) (1973) (extension of time to answer requests for admission may be granted for good cause shown and where opposite party is not prejudiced). Our interpretation of OCGA § 9-11-36 is thus consistent with our recent holding in *Dept. of Human Resources v. Phillips*, 268 Ga. 316 (486 SE2d 851) (1997), in which we interpreted the language in OCGA § 9-11-16 (pretrial orders) to " 'say what it means, and mean what it says' " in order to foster efficiency and conserve judicial resources. *Dept. of Human Resources v. Phillips*, supra at 318 (1). While we recognize that the result on the Board may be criticized as harsh or draconian, our holding benefits both bench and bar in that it promotes constancy and stability in the law by clarifying that the plain language of a civil practice statute will be applied consistently to all parties; hence, all practitioners will be able to govern their behavior accordingly.

Because the admissions were not withdrawn or amended, the Court of Appeals erred by holding that the Board's failure to respond was a matter of "no consequence." *G. H. Bass & Co. v. Bd. of Tax Assessors*, supra, 222 Ga. App. at 119 (1).

*Judgment reversed. All the Justices concur, except Thompson, J., who concurs in the judgment only as to Division 2 and Benham, C. J., who dissents.*

BENHAM, Chief Justice, dissenting.

Because the majority opinion awards a freeport exemption based on a technical deficiency to an otherwise unqualified candidate, and

administers an unfair result to a party relying on prevailing Georgia law, I must dissent.

This Court granted certiorari to consider the permissible scope of requests for admission under OCGA § 9-11-36, and whether the request at issue in this appeal was proper thereunder. The record in this case reveals that G. H. Bass & Company applied for a freeport tax exemption 45 days after the filing period. The Fulton County Board of Tax Assessors denied Bass the freeport exemption for personal goods for 1994, whereupon he filed an appeal to Superior Court. In the course of discovery, Bass filed requests for admission, the first of which stated that "[Bass] is entitled to a personal property/inventory/freeport exemption of $23,241,497.00 for the 1994 tax year." The Board did not respond to the requests. Thereafter the parties filed cross-motions for summary judgment. Although Bass specifically raised the issue of the Board's failure to respond to Bass's request for admission in its response to the Board's motion, the Board did not move the court to allow the withdrawal or amendment of its admission. The trial court ruled in favor of the Board and against Bass without addressing Bass's contention regarding the Board's admission.

The trial court's ruling was affirmed by the Court of Appeals, which held that the Board's failure to respond did not affect the ruling because the request by Bass was improper, in that permissible admissions must deal with matters essentially factual, not opinionative or conclusions of law. *G. H. Bass & Co. v. Bd. of Tax Assessors*, 222 Ga. App. 118 (1) (473 SE2d 253) (1996).

1. The majority opinion does not reach the issue whether Bass's request for admission comes within the permissible scope of OCGA § 9-11-36 because the record reveals that the Board, upon the filing of Bass's requests for admission, did not respond, assert objections, or move to strike the request. The majority has thus fashioned two new rules: (1) if requests for admission are not challenged by the party to whom they are directed, even impermissible requests may result in admission; (2) requests for admission under OCGA § 9-11-36 (a) are not objectionable even if they require opinions or conclusions of law, even as to the ultimate issue in the case, so long as the legal conclusions relate to any fact in the case. By so ruling, the majority opinion changes the law in this state and applies that change to a party without that party having legal recourse. I caution against the imposition of such a Draconian rule.

2. By concluding that requests for admission are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case, we foster protracted litigation, and encourage the use of unauthorized questions in an attempt to trap the unwary. Here, appellant's request for admission

stated, "[Bass] is entitled to a personal property/inventory/freeport exemption of $23,241,497.00 for the 1994 tax year." The only fact in the request was the amount of the exemption. Under the majority opinion, such requests will no longer even be objectionable. Under the guise of encouraging adherence to black letter law, thereby providing simplicity in discovery, we encourage instead complexity and stealth in the drafting of requests, which will produce chaos and protracted discovery battles. All of those results are contrary to the original intent of the rule in facilitating the discovery of uncontested facts. OCGA § 9-11-36 (a) (1).

3. The Board of Tax Assessors relied on an application of prevailing Georgia law. See *Tandy Computer Leasing v. Smith*, 186 Ga. App. 101 (366 SE2d 417) (1988). No Georgia law is cited by the majority for the rule adopted today. The majority relies instead on Utah, Nevada, North Carolina, and Michigan law, and appellee is left with an unexpected and harsh result.

This Court should not interfere with a matter that should have been and was corrected by the trial court. Clearly, the better practice would have been for appellee to answer, object or move to strike, but a motion to strike was unnecessary since the trial court ruled for appellee after each party moved for summary judgment. The proper action for this Court, if it desires to change the law, is to make the rule prospective so as not to unfairly punish a party for relying on the prevailing law in Georgia or remand the case to the trial court so the Board is provided an opportunity to address the issue raised here. Because the majority deprives appellee of that opportunity, I must dissent.

DECIDED JULY 16, 1997.

*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry,* for appellant.
*W. Roy Mays III,* for appellee.