### 43745. HILLIS v. HILLIS.
(349 SE2d 746)

WELTNER, Justice.

Hillis filed a complaint for divorce in Glynn County, in which she alleged that her husband was a resident of Glynn County. The husband filed and served a motion to transfer the case to Walker County on the ground that he was a resident of Walker County and not Glynn County. He filed an affidavit in support of this motion. The wife did not respond to the motion to transfer within the time prescribed by Rule 19.1 (D) of the Uniform Superior Court Rules, 253 Ga. 800, 830 (1985). The court granted the motion, holding that the "failure to timely file a written response to the defendant's motion to transfer in accordance with Rule 19.1 (D) of the Uniform Superior Court Rules mandated that the Court, as a matter of law, grant the motion to transfer." We granted the wife's discretionary appeal.

The rule in question provides that "Unless otherwise ordered by the court, notice of a written motion to transfer shall be served upon all parties . . . at least 10 days before the motion is heard. A party opposing a written motion to transfer shall notify the court and all other parties in writing within 10 days after service upon that party of the motion to transfer; such notice shall designate the basis upon which it is claimed that the court in which the action pends has jurisdiction and upon which venue is claimed to be proper."

The rules were adopted in order to "provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." Constitution of Georgia of 1983, Art. VI, Sec. IX, Par. I. To this end, the superior court rules provide a uniform procedure for asserting improper venue or jurisdiction, and for responding to such assertions. Except in the plainest of circumstances, they should not be understood to divest the trial court of its inherent power to dispose of pending matters consistently with applicable principles of law, and in accordance with the facts of the case. The wife's failure to file timely response cannot oust the trial court of that power.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 13, 1986.

*George M. Rountree,* for appellant.

*G. Carroll Palmatary,* for appellee.