A90A1868. WOMACK INDUSTRIES, INC. et al. v. TIFTON-TIFT COUNTY AIRPORT AUTHORITY et al.
(404 SE2d 618)

BIRDSONG, Presiding Judge.

Womack Industries, Inc. ("Womack") appeals from the trial court's grant of a default judgment to the Tifton-Tift County Airport Authority ("the Authority"). The record shows the Authority filed a complaint in the Superior Court of Tift County to obtain an injunction to stop Womack from continuing construction at the Tifton-Tift County Airport on land that the Authority contends was erroneously leased to Womack after it had been earlier leased to another. Womack, a resident of Cook County, contested the jurisdiction in Tift County and moved to dismiss the complaint. After the trial court granted the Authority's motion to transfer the case to Cook County, Womack failed to answer the complaint filed in Tift County within the time prescribed by law. Womack contends the trial court erred by granting the Authority's motion to strike its answer and enter default judgment and by not opening the default because the complaint was filed in Tift County and then transferred to Cook County, and the trial court ruled that the time for answering the complaint ran from original service of the complaint filed in Tift County. *Held*:

1. The first issue is whether, in a case which was transferred from one trial court to another under Uniform Superior Court Rule 19 ("USCR 19"), because of improper venue, the time in which to answer the complaint runs from the date of original service of the complaint in the transferor court or from some other date after the case is filed in the transferee court. The Uniform Superior Court Rules were adopted to " 'provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions.' Constitution of Georgia of 1983, Art. VI, Sec. IX, Par. I." *Hillis v. Hillis*, 256 Ga. 438 (349 SE2d 746). Our law on the requirements for filing the answer is not complicated. See OCGA §§ 9-11-12 (a); 9-11-5 (d). Consideration of this issue in light of the purpose of the rules with USCR 19.1 and in connection with Ga. Const. 1983, Art. VI, Sec. I, Par. VIII, and OCGA §§ 9-11-5;

9-11-6; 9-11-12; and 9-11-55 leads us to the conclusion that the time in which to answer begins when service of process is made upon a defendant in the transferor court, and, unless directed by the transferor court under USCR 19.1 (E), the time in which to answer is not tolled by the filing of a motion to transfer venue or the action of the transferor court ordering the transfer of the case.

In reaching this conclusion, we also rely on the provisions of USCR 19.1 (I) which specifically state that "[t]he action thereafter shall continue in the transferee court as though initially commenced there . . . and [i]t shall not be necessary that service of process be perfected a second time. . . ." The clear effect of USCR 19.1 (H) and (I) is to continue the case as if filed in the transferee court as if there was no interruption. The necessary consequence of USCR 19.1 is that Womack's answer was required to be filed within the 30-day period after Womack was served with the complaint. Accordingly, when Womack's answer was not filed by December 26, 1989, the case was in default. Thus, the answer filed on January 3, 1990, was untimely, and although the answer was filed within the 15-day grace period provided by OCGA § 9-11-55 (a), the costs were not paid prior to the filing of the answer as required by OCGA § 9-11-55 (a) and thus the filing was not effective. *Hazzard v. Phillips*, 249 Ga. 24, 25 (287 SE2d 191). Further, the record shows that the answer filed did not respond to the complaint served with the summons, but instead responded to a subsequent pleading. Accordingly, the trial court did not err by entering a default judgment against Womack.

2. Womack next alleges that the trial court erred by refusing to open default under OCGA § 9-11-55 (b). This section allows a prejudgment default to be opened if Womack shows one of the following grounds: (1) providential cause, (2) excusable neglect, and (3) a proper case. *Copeland v. Carter*, 247 Ga. 542, 544 (277 SE2d 500). Since the trial court did not find one of the grounds for opening a default existed, we need not consider whether Womack established the four conditions for opening a default. See *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199).

Review of the record shows that the trial court did not abuse its discretion in finding that Womack failed to establish the grounds for opening a default. Although on appeal Womack asserts all three grounds, before the trial court Womack asserted only excusable neglect and that there was no default because the complaint had been dismissed. The facts of this case do not show that Womack failed to answer because of excusable neglect. See *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873, 875 (318 SE2d 740). Instead, the record indicates a pattern of intentional delay in filing pleadings which would subject Womack to the jurisdiction of the trial court. Moreover, Womack's argument shows that it apparently relied on what it

considered a dismissal of the complaint to avoid answering the complaint. As the transferor court's order plainly shows, it was transferred and not dismissed. This cannot constitute excusable neglect. See *Market Ins. Corp. v. IHM*, 192 Ga. App. 441, 442 (385 SE2d 307). "Upon review of the circumstances, we cannot conclude as a matter of law the court's denial of the request to open the default was a manifest abuse of discretion. [Cit.]" *Barone v. McRae & Holloway P.C.*, 179 Ga. App. 812, 815 (348 SE2d 320).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1991 —
REHEARING DENIED MARCH 25, 1991 —

*Thompson & McClure, Douglas R. Thompson, John L. Adair, Jr.*, for appellants.

*Reinhardt, Whitley & Wilmot, Bob Reinhardt, John R. Reinhardt, Ralph G. McCallum, O. Wayne Ellerbee, Howard E. McClain*, for appellees.