A00A0981. CARTER v. PROGRESSIVE INSURANCE COMPANY
et al.
(541 SE2d 418)

BLACKBURN, Presiding Judge.

Christopher Carter appeals from the trial court's entry of default judgment against him and in favor of Progressive Insurance Company. Carter contends that the trial court erred in failing to open default because service of process was insufficient. Because Carter failed to show that service of process was insufficient, we affirm.

1. On appeal,

[t]he sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discre-

[9] *Gibson v. State*, 233 Ga. App. 838, 841 (3) (505 SE2d 63) (1998).

tion based on the facts peculiar to each case.

(Punctuation omitted.) *Stewart v. Turner.*[1]

The pertinent facts are undisputed. Progressive filed a subrogation claim against Carter in the State Court of Clayton County. After several unsuccessful attempts to serve Carter personally, notorious service was made. The sheriff's return of service states that, on July 16, 1999, the complaint was delivered to Ruth Carter, Carter's mother, at Carter's residence.

After more than 45 days elapsed without Carter filing an answer, Progressive requested that the case be stipulated to the non-jury default calendar. On October 15, 1999, Carter filed a motion for leave to file defenses, answer and counterclaim in which he asserted insufficient service of process. The trial court, denying the motion, determined that Carter failed to make the requisite showing under OCGA § 9-11-55 (b) to open default prior to final judgment and that Carter failed to show that he had not been properly served. The case was set for a bench trial to address the issue of damages. Shortly before trial, Carter filed a second motion to open default, which the trial court denied. Judgment was entered against him in the amount of $13,000.

Carter contends the trial court erred by failing to open default because service of process was insufficient.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. . . . Generally, the opening of a default rests within the sound discretion of the trial court.

(Punctuation and emphasis omitted.) *Stewart*, supra. In this case, to meet the four conditions, Carter raised insufficiency of service of process as a defense. Since Carter challenged the sufficiency of service, he bore the burden of proving improper service. *Franchell v. Clark*;[2] *Oden v. Legacy Ford-Mercury.*[3]

The record includes the signed entry of service which stated that service was made by leaving copies of the complaint at Carter's residence with his mother. "The process server's return of service can

[1] *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997).
[2] *Franchell v. Clark*, 241 Ga. App. 128, 130-131 (3) (524 SE2d 512) (1999).
[3] *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667-668 (1) (476 SE2d 43) (1996).

only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Punctuation omitted.) *Oden*, supra at 668. When Carter filed his initial motion to open default, he offered no evidence supporting his defense that service of process was insufficient. Later, the only evidence Carter submitted to prove failure of service was his verified pleading. Therein he simply stated that the complaint was delivered to his mother's home, and he did not live with his mother at the time the complaint was served. Carter offered no corroborating evidence, such as an affidavit of his mother or proof of his residency elsewhere. "Although a return of service may be impeached by sworn statements made on personal knowledge, this Court has also held that in a case of the defendant's word against the deputy sheriff's[,] the presumption favors the sheriff's return of service." (Citation and punctuation omitted.) Id. In the absence of corroborating evidence to support the defendant's testimony, the presumption favors the sheriff's return of service. *Moore v. Sanford, Adams, McCullough &c.*[4]

Whether a defendant presents evidence "sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder." *Franchell*, supra at 131. This Court will not disturb the factual finding of the trial court that service was effected as long as there is some evidence to support it. Id.; *Oden*, supra; *Patterson v. Coleman*;[5] *Baughan v. Alaoui*.[6] The trial court did not abuse its discretion by denying the motion to open default under OCGA § 9-11-55 (b). *Stewart*, supra.

2. In his enumeration of error, Carter also contended that venue was improper. Carter, however, failed to support this enumeration with argument, so the error is deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 27, 2000.

*Saia & Richardson, Joseph J. Saia*, for appellant.
*Stuart J. Oberman*, for appellees.

---

[4] *Moore v. Sanford, Adams, McCullough &c.*, 175 Ga. App. 552 (1) (333 SE2d 681) (1985).

[5] *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984).

[6] *Baughan v. Alaoui*, 240 Ga. App. 661, 662-663 (1) (524 SE2d 536) (1999).