A02A0211. MAYS v. ED VOYLES CHRYSLER-PLYMOUTH, INC.
et al.
(565 SE2d 515)

BLACKBURN, Chief Judge.

In this breach of contract action, David Mays, proceeding pro se, appeals the trial court's order granting summary judgment to Ed Voyles Chrysler-Plymouth, Inc., contending that (1) there is a genuine issue of material fact and that summary judgment should not have been granted to Ed Voyles, (2) summary judgment should not have been granted since Mays did not receive any notice of the hearing on the motion, and (3) the trial court erred in failing to continue the court-ordered mediation process. For the reasons set forth below, we affirm.

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Cotton v. NationsBank.*[1]

Viewing the evidence in this light, the record shows that Mays filed a breach of contract complaint in superior court on April 3, 2001, based on his request to Ed Voyles to order a PT Cruiser. Ed Voyles answered the complaint on April 17, 2001, and simultane-

---

[1] *Cotton v. NationsBank*, 249 Ga. App. 606, 607 (548 SE2d 40) (2001).

ously served a request for admissions and a motion for a more definite statement. Mays filed a response to the motion for a more definite statement on May 1, 2001, but never made a response to the request for admissions. The record reflects that the trial court sent a notice referring the case to the alternative dispute resolution program on May 15, 2001, and a mediation conference was scheduled for June 29, 2001. There is no further information in the record concerning the mediation process.

A motion for summary judgment with supporting materials was filed by Ed Voyles and served on Mays on June 8, 2001. By letter dated July 13, 2001, Ed Voyles requested that the trial court grant its motion for summary judgment. The record shows no response by Mays to the motion for summary judgment. Following a hearing which Mays did not attend, the trial court granted Ed Voyles' motion for summary judgment on August 7, 2001.

1. "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Cotton*, supra at 607. Because of his failure to respond to the request for admissions, Mays cannot show under any set of facts that a contract existed between him and any of the defendants, and, therefore, there is no basis for a breach of contract claim.

> A matter admitted in response to requests for admission under OCGA § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. . . . Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion.

(Punctuation omitted.) *McCoy v. West Bldg. Materials.*[2]

Mays has made no effort to withdraw his admissions. The Supreme Court has made the consequences of the failure to withdraw admissions clear. "The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission." (Punctuation omitted.) *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors.*[3]

---

[2] *McCoy v. West Bldg. Materials*, 232 Ga. App. 620, 621 (502 SE2d 559) (1998).

[3] *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997).

When, as here, a litigant relied below upon the legal effect of failure to respond to requests for admission and the nonresponding party did not move to withdraw admissions or avail itself of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of (the) requests for admission stood admitted.

(Citations omitted.) *Solis v. Lamb*.[4]

Mays has admitted that: (1) no verbal or written contract existed between him and any of the defendants, (2) his check for the deposit had insufficient funds to cover it and the deposit was returned to him, and (3) he had not accepted any other offers made by the defendants. Under these facts, there is no genuine issue of material fact, and therefore, the trial court did not err in granting summary judgment to Ed Voyles.

2. Mays contends that the trial court erred by failing to follow its own rules and continue pre-trial mediation. Mays provides no support for his contentions. There are no citations to the record, rules, or statutory authority. Court of Appeals Rule 27 (c) (2) and (3) provide that an enumeration of error that is not supported by citation of authority and specific reference to the record or transcript will not be considered by this court. "It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." (Punctuation omitted.) *Tahamtan v. Sawnee Elec. Membership Corp.*[5]

Mays' assertion that summary judgment should be reversed because he did not receive notice of the motion hearing fails for the same reason. Factual assertions contained in a party's brief are not evidence unless supported by the record. *Hipple v. Simpson Paper Co.*[6] Mays provides no evidence in the record to prove his assertion in his brief that he did not receive notice of the motion hearing.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 7, 2002 —
RECONSIDERATION DENIED MAY 14, 2002.

David Mays, *pro se.*

---

[4] *Solis v. Lamb*, 244 Ga. App. 8, 9 (1) (534 SE2d 582) (2000).
[5] *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997).
[6] *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 519 (5) (507 SE2d 156) (1998).

*Downey & Cleveland, Joseph C. Parker, Robert C. Harrison,* for appellees.