## A05A1390. VON TONDER v. PAYNE.
(619 SE2d 730)

MILLER, Judge.

Having obtained a default judgment in a first suit concerning collateral for unpaid rent, John Payne brought a second suit against Jacob Von Tonder for conversion of the collateral by fraudulent conveyance. Von Tonder answered the complaint in this second suit. Payne then served him with requests for admission, but Von Tonder failed to respond to them within the 30 days allowed and did not ask for an extension of time. Payne then moved for summary judgment on the ground that Von Tonder's failure to respond to the requests had the effect of admitting to all disputed issues therein. The trial court granted Payne's motion, and Von Tonder now appeals. We find no error and affirm.

On appeal from a grant of a motion of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that beginning in 1992, Von Tonder leased property from Payne for his auto repair business, Auto House, Inc., and then failed to pay rent due under the lease. On December 23, 1994, Von Tonder executed an agreement specifying certain items valued at $28,200 "as security to [Payne] until outstanding rent has been brought current." In May 2002, Payne obtained a default judgment against Auto House for damages including this amount. Von Tonder did not move to set aside or appeal this default judgment.

Payne later sued Von Tonder a second time, alleging that he had fraudulently conveyed and converted the collateral. Von Tonder answered this complaint. Soon thereafter, Payne served Von Tonder with requests for admission, including the following:

> 2. Please admit that the document attached hereto as Exhibit "B" is a genuine copy of a security agreement on or about December 23, 1994, between [Payne] and Auto House, Inc.
>
> . . .
>
> 12. Please admit that you caused the collateral to be transferred from Auto House, Inc., to you.

When Von Tonder failed to respond to the requests within the 30 days allowed or to move for an extension, Payne moved for summary judgment. At the hearing on the summary judgment motion, Von

Tonder affirmed that he wished to stand on the pleadings. Von Tonder's counsel also explained that "except for that very last one that was in there [Request No. 12]," the requests dealt predominantly with admissions "concerning a document [the default judgment order]," and that he had been "attempting to keep my client's fees at an absolute minimum." The trial court granted Payne's motion and awarded damages in the amount of $28,200. Von Tonder now appeals.

OCGA § 9-11-36 provides that when one party has served a request for admission on another,

> [t]he matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .

OCGA § 9-11-36 (a) (2). Any matter thus admitted "is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). As the Supreme Court of Georgia has emphasized,

> The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission.

(Citation and punctuation omitted.) *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997); see also *Mays v. Ed Voyles Chrysler-Plymouth*, 255 Ga. App. 357, 358-359 (1) (565 SE2d 515) (2002) (affirming grant of summary judgment where nonmovant failed to respond to requests and did not seek remedies to avoid consequences of that failure).

In the course of opposing Payne's motion for summary judgment, Von Tonder failed to present any evidence to show why the security agreement should not be enforced as written. Taken with Von Tonder's failure to respond to the requests for admission, then, Payne has established the existence and enforceability of the security agreement, the value of the collateral described therein, and Von Tonder's conversion of that collateral. Thus the trial court did not err when it found that no genuine issue of fact remained as to either liability or damages. *Mays*, supra, 255 Ga. App. at 358-359 (1); see also *Atlanta Cutlery Corp. v. Queen Cutlery Co.*, 168 Ga. App. 584, 585-586 (309

SE2d 691) (1983) (affirming grant of partial summary judgment where nonmovant's responses to requests for admission negated its defenses).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 8, 2005.

*Robert S. Sichel*, for appellant.
*Kaye M. Ford*, for appellee.