A06A0053. GMAC MORTGAGE CORPORATION v. BONGIORNO.
(626 SE2d 536)

JOHNSON, Presiding Judge.

The issue in this wrongful foreclosure case is whether the trial court erred in ruling that jurisdiction over GMAC Mortgage Corporation was obtained by serving the complaint on its office manager at a branch office in Chatham County rather than serving its registered agent. We find no error and affirm the trial court's order entering final judgment.

The record shows that on December 16, 2004, a Chatham County deputy sheriff served Daniel Carr, GMAC's local branch manager,

with a copy of the complaint. GMAC did not file an answer, and the trial court scheduled a damages hearing for April 6, 2005. On April 5, 2005, GMAC moved to open the default, contending that the branch manager had refused service of process on December 16, 2004 and that its registered agent was the proper entity for service of process. The following day, the trial court held a hearing on GMAC's motion to open default. After argument on the motion to open default, the parties agreed to proceed with a bench trial on damages in the event the trial court denied GMAC's motion to open default. On June 7, 2005, the trial court issued its final judgment awarding damages to James Bongiorno, specifically finding that GMAC's local branch manager was authorized to accept service on behalf of GMAC and was personally served on December 16, 2004. GMAC appeals, alleging the trial court erred in determining that GMAC's local branch manager was authorized to accept service under OCGA §§ 9-11-4 and 14-2-1510. We find no error and affirm the trial court's order denying GMAC's motion to open default.

Bongiorno argues that GMAC's argument regarding service of process is foreclosed because GMAC did not appeal the trial court's denial of the motion to open default and because GMAC failed to comply with at least two of the requirements necessary to open default.[1] We need not address these issues because the trial court correctly denied GMAC's motion to open default on the ground that service on GMAC's local branch manager was valid under Georgia law.

While Carr testified that he refused to accept the service papers, the sheriff's return of service states that Bongiorno's complaint was served on Carr. In addition, the deputy sheriff who performed the service was deposed and testified that he did in fact serve Carr by personally handing the suit papers to him. The deputy sheriff further testified that when meeting the branch manager, the deputy asked if the branch manager was authorized to accept civil processes on behalf of the corporation, and the branch manager told the deputy, "yes." Georgia law is clear that in a case of the defendant's word against the deputy sheriff's word, the presumption favors the sheriff's return of service.[2] This Court will not disturb the factual finding of the trial court that service was effected as long as there is some evidence to support it.[3] Here, the record supports the trial court's finding that Carr was properly served.

---

[1] See OCGA § 9-11-55 (b).

[2] See *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562, 563-564 (1) (541 SE2d 418) (2000).

[3] Id.

GMAC argues that its registered agent, not Carr, was the proper individual to receive service on behalf of GMAC. However, GMAC has cited no statutory authority or case law supporting its argument that once a foreign corporation has designated a registered agent for service of process, it may only be served through its registered agent. In fact, the statutory authority and case law clearly indicate just the opposite.[4] Even OCGA § 14-2-1510, upon which GMAC relies in support of its argument, specifically notes "This Code section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation."[5]

Pursuant to OCGA § 9-11-4 (e) (1), an action against a foreign corporation may be served on "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." GMAC argues that the above-referenced individuals may only be used for service of process if the foreign corporation has failed to designate a registered agent for service of process. However, OCGA § 9-11-4 (e) (2) directly contradicts such an argument. That Code section specifically states, "If the action is against a foreign corporation . . . doing business and having a managing or other agent, cashier, or secretary within this state, [service may be made] to such agent, cashier, or secretary or to an agent designated for service of process."

Here, there is no dispute that Carr was a local branch manager for GMAC. In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that he occupy some managerial or supervisory responsibility within the organization.[6] The employee's position must be such as to afford reasonable assurance that he will inform his corporate principal that such process has been served on him.[7] As a branch manager, Carr clearly occupied some managerial or supervisory responsibility within GMAC. The trial court was authorized to find that service on the local branch manager was valid service on GMAC.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 23, 2006.

*Morris, Schneider & Prior, Kyle S. Kotake*, for appellant.

---

[4] See *Stone Exchange, Inc. v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770, 771-772 (605 SE2d 404) (2004); *Beard v. Calvert Fire Ins. Co.*, 114 Ga. App. 249, 251 (1) (150 SE2d 711) (1966); *Aetna Cas. & Surety Co. v. Sampley*, 108 Ga. App. 617, 620-622 (3) (134 SE2d 71) (1963).
[5] OCGA § 14-2-1510 (d).
[6] See *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (2) (442 SE2d 795) (1994).
[7] See *Billy Cain Ford Lincoln Mercury, Inc. v. Kaminski*, 230 Ga. App. 598, 600 (1) (496 SE2d 521) (1998).

*Callaway, Braun, Riddle & Hughes, Stanley E. Harris, Jr.*, for appellee.