A07A2235. HOLMES & COMPANY OF ORLANDO v. CARLISLE.
A07A2236. ALCON v. CARLISLE.
(658 SE2d 185)

BARNES, Chief Judge.

David Carlisle sued Bonifacio Mendoza Alcon and Alcon's employer Holmes & Company of Orlando (Holmes) for injuries sustained in a motor vehicle accident. Both defendants raised the defense of

insufficient service in their answers, and moved to dismiss the complaint for lack of service. The trial court denied the motions, certifying the order for immediate review, and this court granted an interlocutory appeal. Upon review of the entire record, we affirm the trial court's order.

The collision between Carlisle and Alcon occurred on March 12, 2001, and the first complaint was filed on March 12, 2003. Carlisle dismissed the case without prejudice and, pursuant to OCGA § 9-2-61, filed a renewal action within six months, on November 28, 2005. He contended that Alcon, who was driving a truck belonging to Holmes, was negligent, and that Holmes was liable under the theory of respondeat superior.

1. A defendant who challenges the sufficiency of service bears the burden of showing improper service. *Cushman v. Raiford*, 221 Ga. App. 785, 787 (472 SE2d 554) (1996). "The sheriff's return of service constitutes prima facie proof of the facts recited therein. . . . The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) Id. Absent an abuse of discretion, we must affirm a trial court's finding regarding the sufficiency of service. *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562, 564 (1) (541 SE2d 418) (2000). The trial court as factfinder must decide whether the evidence overcomes the facts reflected in a return of service, and we will uphold that finding if it is supported by any evidence. *Dinh v. Crosby*, 263 Ga. App. 260, 262 (587 SE2d 320) (2003).

## Case No. A07A2235

2. Holmes contends that the trial court abused its discretion in denying its motion to dismiss for insufficient service. The record shows that Holmes' registered agent was Donna West, whose address was listed as 6340 Lake Oconee Parkway, Greensboro, the location of the BankSouth branch where West worked. The return of service dated December 19, 2005, shows that the sheriff served "Melinda Walker, in charge of the office and place of doing business of said Corporation in this County" at 6340 Lake Oconee Parkway. In its motion to dismiss, Holmes argued that Melinda Walker was a Bank-South branch manager, that she was not Holmes' registered agent for service nor its officer, director, manager, or employee, and that Walker had no authority to accept service on the company's behalf. Donna West submitted an affidavit stating that she found the summons and complaint on her desk on December 20, 2005, that Walker did not work for Holmes and was not its authorized agent, and that West had never been personally served. Holmes' vice president

testified by affidavit that Walker was not an agent or even an employee of the company and had no authority to accept service on its behalf.

In response, Carlisle submitted the affidavit of the deputy sergeant who served the complaint, who averred that BankSouth was the only office located at 6340 Lake Oconee Parkway, and that Walker was the branch manager and the person in charge of the office located at that address. He handed the complaint to Walker and noted on the entry of service that she was the person in charge of the office. Walker said by affidavit that she was in charge of the BankSouth office located at 6340 Lake Oconee Parkway, that West was a bank employee at that branch but was not authorized to do business there as an agent of anyone except the bank, and that as West's supervisor she had the authority to accept documents on West's behalf.

In its order denying Holmes' motion to dismiss for lack of service, the trial court noted that it had heard oral argument, read the parties' written submissions, and considered the evidentiary material in the record.

The

> methods of service set out in the Civil Practice Act, OCGA § 9-11-1 et seq., and the Georgia Business Corporation Code, OCGA § 14-2-[101] et seq., are discrete methods of service upon corporations, and . . . a plaintiff may serve a defendant corporation by following the directions of the Civil Practice Act or by following the directions of the Georgia Business Corporation Code.

(Citation and punctuation omitted.) *Ticor Constr. Co. v. Brown*, 255 Ga. 547, 549 (3) (340 SE2d 923) (1986).

A corporation may be served through its registered agent as provided in OCGA § 14-2-504 (a). A foreign corporation "doing business and having a managing or other agent, cashier, or secretary within this state" may also be served by delivering a copy of the summons and complaint to the corporation's "agent, cashier, or secretary or to an agent designated for service of process," as provided in OCGA § 9-11-4 (e) (2). The Georgia Business Corporation Code requires corporations to maintain a registered office and a registered agent in the state. OCGA § 14-2-501. The agent may be a "person who resides in this state and whose business office is identical with the registered office," or a "foreign corporation . . . authorized to transact business in this state whose business office is identical with the registered office." OCGA § 14-2-501 (2) (A), (C). Each corporation must file an annual registration with the Secretary of State showing, among other things, the corporation's name, the street address and

county of its registered office in Georgia, the name of its registered agent at that office, and the mailing address of its principal office. OCGA § 14-2-1622 (a) (1)-(3).

In this case, Holmes' registration during the applicable time period showed that its principal address was a post office box in Florida, that its registered agent was Donna West, and that its registered agent's address was 6340 Lake Oconee Parkway, Greensboro. The deputy sheriff's return of service showed that he served Walker as the person in charge of the business located at the registered agent's address, which he confirmed in his affidavit. While Holmes introduced evidence that Walker was not the company's registered agent and was not authorized to accept service on behalf of the company, it did not establish that Walker was not authorized to accept service on behalf of its registered agent, West. In contrast, Carlisle introduced evidence that Walker was authorized to accept service on West's behalf.

While "[t]he evidence in this case clearly establishes that the defendant corporation's agent for service was not served personally . . . it is undisputed that [West's supervisor] was authorized to accept service on [her] behalf." *Norman Svc. Indus. v. Lusty*, 168 Ga. App. 164 (308 SE2d 411) (1983). See also *Northwestern Nat. Ins. Co. v. Kennesaw Transp.*, 168 Ga. App. 701, 702-703 (309 SE2d 917) (1983) (recipient of papers said agent unavailable but she would accept service; factual conflict posed by affidavits as to whether recipient had been appointed to accept service was issue of fact to be resolved by trial judge); *Cousby v. J. T. Bickers Realty Co.*, 139 Ga. App. 250, 251 (228 SE2d 214) (1976) (standard office practice for front desk employee to accept summons for company president tantamount to president designating front desk person as his agent for service of process). Thus the trial court did not abuse its discretion in denying Holmes' motion to dismiss for improper service.

This case is unlike *Wells v. The Drain Doctor*, 274 Ga. App. 127, 128 (616 SE2d 880) (2005), in which we found that service on the secretary of the registered agent was not sufficient. In that case, the agent specifically stated in his affidavit that his secretary was not authorized to accept service on his behalf, and the plaintiff did not rebut that evidence. Here, the agent did not state that her supervisor was not authorized to accept service on her behalf, only that the supervisor was not authorized to accept service on the company's behalf.

*Case No. A07A2236*

3. Alcon also contends that the trial court erred in denying his motion to dismiss for insufficient service. The deputy sheriff's return

of service states that the person to be served was Bonifacio Mendoza Alcon a/k/a Alcon B. Mendoza, at 15144 SW Yalaha Street or 15128 SW Fox Street, Indiantown, Florida; that Alcon was served through substitute service at his usual place of abode on December 7, 2005; and that the papers were left with Petrona Felipe, a person at least 15 years old who resided therein. In his answer filed on January 6, 2006, the 30th day after this service, Alcon raised the defense of insufficient service of process. In August 2006, Alcon moved to dismiss the action, contending that he was not properly served. With the motion to dismiss Alcon included his affidavit, in which he stated that he did not know Petrona Felipe, that Felipe did not live on Fox Street on the date she accepted service, that he had never lived on Yalaha Street, and that he had never been personally served. In response to Carlisle's motion to strike, he argued that it should be denied because he had not been served and was not subject to the court's jurisdiction; and thus was not required to respond to discovery. Alcon did not move to vacate the trial court's July 2006 order granting Carlisle's motion to compel discovery responses until October 10, 2006.

In his opposition to Alcon's motion to dismiss, Carlisle detailed his actions taken to obtain service on Alcon, who is from Guatemala and had worked periodically for Holmes since 1995. The base of operations for Alcon and his family was in Indiantown, Florida. When Holmes responded to discovery, its attorney blacked out Alcon's address and personal information in the documents it produced. A detective hired to locate Alcon reported in June 2005 that he was residing on Yalaha Street, and that he sometimes used his uncle's address on Fox Street. Attempting service in the first action on June 14, 2005, a deputy sheriff stated that she served Alcon at his "usual place of abode" by leaving a copy at the Yalaha Street address with Candelaria Pablo. In an affidavit the deputy sheriff explained that she delivered the summons and complaint "into the hands of an adult female who identified herself as Candelaria Pablo," who said she was a resident of the house and that Alcon was also a resident, but was at work. A second return of service in the first action indicated that Alcon did not live at the Fox Street address. As discussed earlier, the return of service filed in the renewal action states that Alcon was served through substitute service at his usual place of abode on December 7, 2005, and that the papers were left with Petrona Felipe, a resident of the house who was at least 15 years old. Based on a report received from a detective hired to locate Alcon, Carlisle sought to serve Alcon at the Yalaha and Fox Street addresses.

Alcon argues on appeal that the trial court erred in denying his motion to dismiss and his motion to vacate the July 2006 order because he was never properly served with a copy of the complaint

and summons in this case. He contends that his affidavit establishes that he did not live with the woman the deputy sheriff served and had never lived at one of the addresses listed on the return of service, and that Carlisle failed to present evidence to the contrary. Therefore, he asserts, the trial court abused its discretion in denying his motions.

As noted earlier, Alcon bears the burden of showing improper service, and the return can be set aside only upon the strongest evidence "the nature of the case will admit." *Cushman v. Raiford*, supra, 221 Ga. App. at 787. If the evidence conflicts and the trial court finds that the defendant's evidence is insufficient to overcome facts reflected in the return of service, we will affirm absent an abuse of discretion if the finding is supported by any evidence. *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).

An individual may be served by delivering a copy of the summons and complaint to him personally "or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." OCGA § 9-11-4 (e) (7). An individual who is at least 15 years old is of a "suitable age" under this Code section. *Trammel v. Nat. Bank of Ga.*, 159 Ga. App. 850, 852 (1) (285 SE2d 590) (1981). "When weighing a defendant's affidavit against a return of service, which was the situation in the present case, a trial court is authorized to find the affidavit insufficient to overcome the presumption of correctness of the return of service." *Shields v. Gish*, 280 Ga. 556, 559 (3) (629 SE2d 244) (2006). Here, Alcon's affidavit does not state that he does not live at the Fox Street address, only that Petrona Felipe did not live there. Alcon does not say where he lived, only that he never lived at Yalaha Street and did not know Felipe. He received the documents, as evidenced by the fact that he timely answered the complaint.

Like the defendant in *Carter v. Progressive Ins. Co.*, supra, 246 Ga. App. at 564, Alcon offered no evidence corroborating his testimony that he did not live at the Yalaha Street address, such as proof of his residency elsewhere. Similarly, nothing corroborated his claim that he did not know Felipe. The sheriff's deputy in the original action also found the Yalaha Street address to be Alcon's place of abode. Because "Georgia law is clear that in a case of the defendant's word against the deputy sheriff's word, the presumption favors the sheriff's return of service," the trial court did not abuse its discretion in denying Alcon's motion to dismiss the complaint for insufficient service. *GMAC Mtg. Corp. v. Bongiorno*, 277 Ga. App. 328, 329 (626 SE2d 536) (2006); *Carter v. Progressive Ins. Co.*, supra.

4. Given our holding in Division 3, Alcon's claim that the trial court should have vacated its July 2006 discovery order because he had not been properly served with the complaint lacks merit.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 14, 2008.

*Drew, Eckl & Farnham, Cynthia L. Hill,* for appellant (case no. A07A2235).

*Hall, Booth, Smith & Slover, Annette F. Simelaro, J. Louise Dietzen,* for appellant (case no. A07A2236).

*David W. Hibbert, Ellen Gettinger, Sara Simmons,* for appellee.