A08A1706. JJM TRUCKING, INC. et al. v. CATERPILLAR FINANCIAL SERVICES CORPORATION.

(672 SE2d 529)

MIKELL, Judge.

JJM Trucking, Inc., and Jesse J. Miller, Jr., appeal the grant of summary judgment to Caterpillar Financial Services Corporation ("Caterpillar") in this action to recover a deficiency balance remaining on an installment sales contract following the sale of the collateral, a log loader. We affirm.

A trial court properly grants summary judgment when there is no genuine issue of material fact and the movant demonstrates entitlement to judgment as a matter of law.[1] We review a grant of summary judgment de novo, and we view the evidence in a light most favorable to the nonmovant.[2] Viewed in this light, the record shows that Caterpillar filed its complaint on August 6, 2007, seeking $34,442.44 in principal, and 15 percent of that amount as attorney fees, interest, and costs. Caterpillar attached a copy of the installment sales contract, the guaranty, the demand for payment of deficiency, and the demand for attorney fees, the latter two of which had been sent by certified mail. Appellants were served simultaneously with requests for admission. Appellants filed a timely answer to the complaint but did not respond to the requests for admission.

Relying upon the admitted facts, which included that appellants had defaulted on the contract and guaranty and owed Caterpillar the

---

[1] *AKA Mgmt. v. Branch Banking & Trust Co.*, 275 Ga. App. 615, 616 (621 SE2d 576) (2005).

[2] Id.

principal sum of $34,442.44, Caterpillar filed a motion for summary judgment. On October 5, 2007, appellants filed a motion to withdraw the admissions. The trial court denied the motion on February 14, 2008. Appellants filed an amended answer on February 18, asserting, for the first time, that Caterpillar did not dispose of the log loader in a commercially reasonable manner, as required by OCGA § 11-9-610 (b); that Caterpillar did not notify the defendants of the sale, as required by OCGA § 11-9-611; and that Caterpillar did not show that it was entitled to attorney fees. On April 14, the trial court granted summary judgment to Caterpillar, awarding it $34,442.44 principal, $22,904.24 interest to that date, attorney fees of $5,166.37, plus $125 in court costs, totaling $62,638.05.

Appellants argue that genuine issues of material fact exist regarding whether Caterpillar disposed of the collateral in a commercially reasonable manner[3] and whether Caterpillar provided a sufficient explanation of how it calculated the deficiency.[4] By failing to enumerate as error the trial court's order denying their motion to withdraw the admissions, however, appellants cannot contest the facts that they have admitted, including the deficiency.[5]

Pursuant to OCGA § 9-11-36, a party may serve upon another party a written request for the admission of the truth of any matter that is not privileged and is relevant to the pending action, including a request to admit the genuineness of any documents described therein.[6] Where, as here, the request is served with the summons and complaint, the defendant must serve a written answer or objection thereto within 45 days, or else the matter is deemed admitted.[7] "The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission."[8] Any fact thus admitted is conclusively established unless the court permits the affected party to withdraw or amend the admission.[9]

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission

[3] See OCGA § 11-9-610 (b).

[4] See OCGA § 11-9-616 (a) (1) (B), (c).

[5] See *Schafer v. Wachovia Bank &c.*, 248 Ga. App. 466, 469 (2) (546 SE2d 846) (2001).

[6] OCGA § 9-11-36 (a) (1).

[7] OCGA § 9-11-36 (a) (2).

[8] (Citations and punctuation omitted.) *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997).

[9] OCGA § 9-11-36 (b).

fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.[10]

An amendment to the answer does not constitute a withdrawal of an admission, however.[11]

In the case at bar, the trial court denied appellants' motion to withdraw the admissions, and appellants have not challenged this ruling. Thus, appellants have admitted that they received true and correct copies of the installment sales contract, guaranty of payment, and demand for payment of deficiency. Miller admitted that, as president of JJM Trucking, he executed the contract and the guaranty; that he failed to make payments thereunder; that the principal balance due under the contract and guaranty was $34,442.44 as of January 16, 2004; and that appellants owe that amount to Caterpillar. As these facts have been conclusively established, there is no genuine issue of material fact. It follows that the trial court did not err in granting summary judgment to Caterpillar.[12]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 15, 2009.

*Fears, Lawrence & Turner, Douglas R. Ballard, Jr.*, for appellants.

*Bandy & Stagg, Matthew A. Bryan, Gary M. Wisenbaker*, for appellee.

---

[10] Id.

[11] See *Schafer*, supra at 469 (2).

[12] See *Mays v. Ed Voyles Chrysler-Plymouth*, 255 Ga. App. 357, 359 (1) (565 SE2d 515) (2002).