A08A2194. CRAWFORD v. LAWYERS TITLE INSURANCE CORPORATION.
(675 SE2d 232)

ADAMS, Judge.

The trial court granted summary judgment in favor of Lawyers Title Insurance Corporation on Linda O. Crawford's claim for reimbursement under the policy as a result of the fact that the property she purchased was encumbered with an easement. Crawford appeals.

The undisputed facts show that Crawford purchased approximately 68 acres of land in Meriwether County on November 1, 2005. Crawford brought suit against Lawyers Title on May 18, 2007, alleging that Lawyers Title issued title insurance for the property but that Lawyers Title failed to disclose the existence of an easement affecting the property, which easement was of record in the county records. Therefore, Crawford asserts, the trial court erred by concluding that Lawyers Title properly denied coverage of the claim pursuant to a policy exclusion for recorded easements.

There is, in essence, no other proper evidence in the record. Although the pertinent exclusion is in the record, the title policy itself is obviously incomplete. The purported three-page policy includes only two "schedules" — Schedules A and B. Yet on the first page of Schedule A it is stated that "This Policy is invalid unless cover sheet and Schedule B are attached." No such cover sheet is in the record. Furthermore, the purported policy does not contain an insuring clause, boilerplate, nor anything resembling terms and conditions. See, e.g., *Youngblood v. Lawyers Title Ins. Corp.*, 923 F2d 161, 164, n. 5 (11th Cir. 1991) (insuring clause of a Lawyers Title policy). Moreover, the document is not properly authenticated.[1] The same is true of most of the rest of the purported evidence.

The policy is obviously the critical document upon which Lawyers Title and the trial court relied in connection with the summary judgment. Indeed, "[t]he burden is on the insurer to show that a loss or claim comes within an exception to coverage." *Lawyers Title Ins. Corp. v. Stribling*, 294 Ga. App. 382, 385 (670 SE2d 154) (2008). Without a complete and properly authenticated policy, the trial court had insufficient evidence upon which to base summary judgment. See *Cordell v. Bank of North Ga.*, 295 Ga. App. 402 (672 SE2d 429) (2008) (court did not have authority to consider unauthenticated documents). Indeed, the trial court did not even have before it the insuring clause itself.

Failure to object would normally constitute a waiver of any formal defects. See *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982) ("Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment."). "[H]owever, the deficiency here is one of substance rather than form." *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613) (1983). Without a complete policy in the record, the proof submitted is insufficient to demonstrate the absence of a genuine issue as to any material fact as to whether the policy covered the claim or whether Lawyers Title had any other duties to Crawford. Id.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

---

[1] Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. OCGA § 9-11-56 (e).

DECIDED MARCH 5, 2009.

*John S. Crawford*, for appellant.

*Franzen & Salzano, John H. Bedard, Jr., Martha D. Turner*, for appellee.