## A09A2131. JACKSON v. NEMDEGELT, INC.
(691 SE2d 653)

BERNES, Judge.

In this suit on a contract, Corliss Jackson appeals from the trial court's grant of summary judgment in favor of appellee Nemdegelt, Inc. The trial court ruling was based upon unwithdrawn admissions

---

made by Jackson in the filing court prior to a transfer to the correct venue. Because we conclude that Jackson is bound by the admissions and, as a result, summary judgment was proper, we affirm.

On appeal from the grant of summary judgment, we conduct a de novo review of the record and construe all evidence in the light most favorable to the nonmovant. See *Vadde v. Bank of America*, 301 Ga. App. 475, 476 (687 SE2d 880) (2009). So viewed, the record shows that in March 2007, Nemdegelt, allegedly as an assignee of Drivetime, filed a complaint against Jackson in the State Court of Fulton County to recover a deficiency balance allegedly owed on a retail installment contract that had been executed between Drivetime and Jackson. The complaint alleged that Jackson was indebted to Nemdegelt in the principal sum of $7,050 at an interest rate of 18% per annum and that Nemdegelt was also entitled to recover attorney fees.

Jackson, acting pro se, timely answered the complaint. In her answer, she denied that she was a resident of Fulton County, asserted that venue in Fulton County was improper, and moved the trial court to dismiss the action.[1] In summary form, she further denied the substantive allegations set forth in Nemdegelt's complaint.

While the case remained in Fulton County, Nemdegelt proceeded to serve Jackson with discovery, including requests for admission, to which Jackson failed to respond. Nemdegelt then moved for summary judgment based upon the requests deemed admitted by Jackson's failure to respond to the discovery. Neither party's motions were ruled upon by the Fulton County court.

In November 2007, Nemdegelt acknowledged that venue was improper in Fulton County and filed a motion to transfer the case to DeKalb County, the county of Jackson's residence. The Fulton County court granted the motion and, in December 2007, the case was transferred to the State Court of DeKalb County.

In August 2008, Jackson was served with a summons in the DeKalb County action, which directed her to answer the complaint within 30 days of service. Jackson, through counsel, timely filed an answer in which she denied the substantive allegations of the complaint, as well as asserted affirmative defenses and a counterclaim. The parties then engaged in discovery and, in December 2008, Nemdegelt reserved Jackson with the discovery that it had previously served on her in the Fulton County action. Jackson then served

---

[1] Motions in which a defendant asserts lack of venue and moves to dismiss are generally to be construed as motions to transfer. See *McDonald v. MARTA*, 251 Ga. App. 230, 231 (554 SE2d 226) (2001) ("[T]he appropriate course of action for a court presented with a meritorious motion to dismiss for lack of jurisdiction or venue is to treat the motion as one for transfer and to transfer the case pursuant to the Uniform Transfer Rules.") (citation and punctuation omitted); *Lewis v. Jarvis*, 207 Ga. App. 246, 247 (427 SE2d 596) (1993).

timely responses to Nemdegelt's discovery requests.

In February 2009, the DeKalb County court granted Nemdegelt's motion for summary judgment that had been pending in the Fulton County action and which had relied upon Jackson's admissions. Jackson moved the trial court to reconsider its order, which the trial court declined to do. This appeal followed.

As an initial matter, we note that in the absence of an order from the trial court, Jackson's objection to venue in Fulton County did not automatically stay the proceedings so as to excuse her duty to respond to Nemdegelt's discovery requests. See, e.g., Uniform Superior Court Rule ("USCR") 19.1 (E) ("When a motion to transfer is filed, the court *may* stay all other proceedings in the pending action until determination of the motion.") (emphasis supplied); *Biddinger v. Fletcher*, 224 Ga. 501, 504-505 (162 SE2d 414) (1968) (venue is a procedural, not jurisdictional, consideration and the law does not automatically invalidate proceedings having occurred in an improper venue); *Womack Indus. v. Tifton-Tift County Airport Auth.*, 199 Ga. App. 237, 238 (1) (404 SE2d 618) (1991) (an objection to venue does not in itself toll the time in which to answer a complaint). And, following a transfer, "the action thereafter shall continue in the transferee court as though initially commenced there." (Citation and punctuation omitted.) *Womack Indus.*, 199 Ga. App. at 238 (1). See also USCR 19.1 (I). Thus, Jackson's failure to respond to Nemdegelt's requested admissions resulted in Jackson's admission of each matter set forth in the request. See OCGA § 9-11-36 (a) (2), (b).

> It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission.

(Citation and punctuation omitted.) *Stephens v. Alan V. Mock Constr. Co.*, 302 Ga. App. 280, 287 (2) (690 SE2d 225) (2010).

Significantly, while Jackson moved the trial court to reconsider its order granting summary judgment, she never moved to set aside the admissions. See OCGA § 9-11-36 (b). Jackson asserts that she did not believe that she was required to respond to discovery served while the case was pending in an improper venue and that she otherwise believed that the parties were acting anew following the

transfer. But, although these arguments might have been relevant to a consideration of whether she should have been permitted to withdraw the admissions, it did not render the admissions automatically withdrawn. See id. Cf. *Womack Indus.*, 199 Ga. App. at 238 (1).

It follows that, as set forth in the admitted requests, the following facts have been conclusively established: Jackson had executed the installment loan contract at issue in order to purchase a motor vehicle; Nemdegelt was an assignee and holder in due course of the contract; Jackson was in default on the contract and Nemdegelt repossessed the vehicle; within ten days of the repossession, Nemdegelt's agents mailed to Jackson by certified mail a "Notice of Repossession, Right to Redeem and Intention to [Pursue] a Deficiency Claim" and that she received the notice; Jackson did not redeem the vehicle; at the time of repossession, the vehicle was worth less than the balance owing Nemdegelt on the contract; Nemdegelt sold the vehicle in a commercially reasonable manner at the fair market value of the vehicle, within 90 days of repossession, and applied the sale proceeds to the balance due under the contract; after applying all debits and credits required by law or the terms of the contract, the net balance remaining due to Nemdegelt on the contract was $7,050; Jackson received Nemdegelt's demand for attorney fees letter and failed and refused to pay the sum demanded; Jackson is indebted to Nemdegelt under the terms of the contract for reasonable attorney fees; and Jackson owes interest on the unpaid principal balance calculated as of the date of repossession at a rate of 18% per annum. These facts establish that there is no genuine issue as to any material fact alleged in Nemdegelt's complaint and that Nemdegelt is therefore entitled to a judgment as a matter of law. See OCGA § 9-11-56 (c).

Jackson nonetheless asserts on appeal that there remain pending affirmative defenses and counterclaims that she asserted in her answer filed in the DeKalb County court. They include allegations that Nemdegelt failed to provide her with proper notice of her rights pursuant to OCGA § 10-1-36;[2] failed to notify her of its intended disposition of the vehicle pursuant to OCGA § 11-9-611;[3] failed to

---

[2] OCGA § 10-1-36 (a) provides, in pertinent part:

When any motor vehicle has been repossessed after default . . . , the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail . . . to the address of the buyer shown on the contract . . . notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle. . . .

[3] OCGA § 11-9-611 (b) requires "a secured party that disposes of collateral [to] send to the [debtor] a reasonable authenticated notification of disposition."

care for and/or dispose of the collateral in a commercially reasonable manner; breached the notice provisions of the contract; and failed to mitigate damages.[4] Each of Jackson's asserted claims and defenses, however, is encompassed by her admissions. And matters deemed admitted pursuant to OCGA § 9-11-36 "become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." *Stephens*, 302 Ga. App. at 287. See *Colvard v. Mosley*, 270 Ga. App. 106, 110 (605 SE2d 838) (2004); *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 455-456 (1) (496 SE2d 546) (1998); *Wurlitzer Co. v. Watson*, 207 Ga. App. 161, 164-165 (2) (427 SE2d 555) (1993); *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981).

Consequently, once Jackson failed to respond to discovery and the requests were deemed admitted as a matter of law, she was precluded from asserting any affirmative defense or counterclaim inconsistent with the matters admitted. See *Stephens*, 302 Ga. App. at 287-288. It follows that the trial court did not err in granting summary judgment in favor of Nemdegelt. See *JJM Trucking v. Caterpillar Financial Svcs. Corp.*, 295 Ga. App. 560, 561-562 (672 SE2d 529) (2009); *Brown v. Morton*, 274 Ga. App. 208, 210-211 (1), (2) (617 SE2d 198) (2005); *Mays v. Ed Voyles Chrysler-Plymouth*, 255 Ga. App. 357, 358-359 (1) (565 SE2d 515) (2002). See also *Colvard*, 270 Ga. App. at 110.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2010.

*Kirby Clements, Jr.*, for appellant.
*Reynolds & Robin, Sherwin P. Robin, Corinne A. McIntosh*, for appellee.

---

[4] Although Jackson also asserted an otherwise unsupported defense of insufficient service of process, the record contains a sheriff's entry of personal service on Jackson both before and after the transfer. "The sheriff's return of service constitutes prima facie proof of the facts recited therein. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation and punctuation omitted.) *Holmes & Co. of Orlando v. Carlisle*, 289 Ga. App. 619, 620 (1) (658 SE2d 185) (2008). The trial court was authorized to resolve this issue against Jackson. Id.