## A11A0002. CRAWFORD v. LAWYERS TITLE INSURANCE CORPORATION.
### (714 SE2d 137)

SMITH, Presiding Judge.

In the second appearance of this case before us,[1] Linda Crawford appeals from the trial court's order granting summary judgment to Lawyers Title Insurance Corporation ("Lawyers Title") in this case involving coverage under a title insurance policy. Crawford contends issues of fact exist with regard to her lack of knowledge of a private access easement in a land purchase insured by Lawyers Title. Based upon both an exclusion in the title policy and Crawford's actual knowledge of the easement, the trial court properly granted summary judgment in favor of Lawyers Title. We therefore affirm.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that Crawford purchased the property at issue by way of a warranty deed that stated that the conveyance was made "[s]ubject to all valid and enforceable restrictive covenants, reservations and easements of record applicable thereto." The policy issued by Lawyers Title expressly provided: "This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of: . . . [a]ny easements or servitudes appearing in the public records." It is undisputed that an affidavit of easement was filed in the public record for the subject property more than 15 years before Crawford's purchase. The seller's property disclosure form listed the easement and Crawford's real estate agent averred that it would have been his custom and practice to provide the disclosure form to his client. Due to Crawford's failure to timely answer

---

[1] In *Crawford v. Lawyers Title Ins. Corp.*, 296 Ga. App. 459 (675 SE2d 232) (2009), we reversed the trial court's order granting summary judgment to Lawyers Title because the record before the trial court did not include a complete copy of the title insurance policy issued to Crawford. Id. at 460. After this case returned to the trial court, Lawyers Title corrected this deficiency, and the trial court granted its second motion for summary judgment.

Lawyers Title's requests for admissions, she cannot dispute that she had actual notice of the easement based upon her receipt of the seller's property disclosure form before the closing on the subject property. OCGA § 9-11-36 (b) (request for admission deemed admitted if party fails to answer within 30 days of service); *Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 770-771 (691 SE2d 653) (2010).

Crawford sued Lawyers Title based upon her claim that it did not disclose the easement to her before the closing. She admits that she "did not make an independent inspection of the public records of Meriwether County, but relied on the title insurance company to handle this."

On appeal she asserts that: "As a matter of law Appellant was entitled to rely upon the title insurance policy as a guarantee that there was no easement on the property that was not disclosed by the policy." While Crawford attempted below to create a genuine issue of material fact with regard to her actual knowledge of the easement before closing, her late-filed response to the requests for admission and affidavits submitted during the summary judgment process cannot be considered. See *Jackson*, supra, 302 Ga. App. at 770-771 (matters deemed admitted under OCGA § 9-11-36 " 'are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion' [Cits.]"). It is undisputed that Crawford did not seek to withdraw her admissions through the procedure provided in OCGA § 9-11-36 (b).

Based upon Crawford's actual knowledge of the easement, she cannot establish any detrimental reliance upon any title examination performed on behalf of Lawyers Title. Cf. *Hood v. Spruill*, 242 Ga. App. 44, 45-46 (1) (b)-(d) (528 SE2d 565) (2000). And, based upon the policy exclusion for easements of public record, she cannot recover under the title insurance contract. See *Security Union Title Ins. Co. v. RC Acres*, 269 Ga. App. 359, 362 (1) (604 SE2d 547) (2004) (no title insurance coverage for easement based upon specific exclusion of title policy). Therefore, the trial court did not err by granting summary judgment in favor of Lawyers Title.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JULY 7, 2011.

*John S. Crawford*, for appellant.

*Franzen & Salzano, Therese G. Franzen*, for appellee.